# NIXON, ELLISON & CO.

*v.*

# THE SOUTHWESTERN INSURANCE COMPANY, OF CAIRO, ILLINOIS.

1. PLEA IN ABATEMENT—*by a corporation.* A plea in abatement by a corporation aggregate must purport to be by their attorney. A plea which says that the company, "by its President and Secretary comes and says," &c., is defective, and obnoxious to a demurrer.

WRIT OF ERROR to the Circuit Court of Alexander county; the Hon. JOHN OLNEY, Judge, presiding.

The opinion states the case.

Messrs. MULKEY, WALL & WHEELER, for the plaintiffs in error.

Messrs. GREEN & GILBERT, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by plaintiffs in error, in the Alexander Circuit Court, against defendants in error, on a policy of insurance. Service was had to the April term, 1868; and at that term defendant below filed this plea in abatement:

"STATE OF ILLINOIS, ⎱ sct.
   Alexander County.   ⎰

In the Alexander Circuit Court,
of the April Term, 1868.

"The Southwestern Insurance Company," ⎫
  sued by the name of Southwestern    ⎪
  Insurance Company, of Cairo, Illinois, ⎪
               ads.                    ⎬
Richard G. Nixon, William Ellison and ⎪
  Thomas Block, partners, doing busi- ⎪
  ness under the firm name of Nixon,  ⎪
  Ellison & Company.                  ⎭

And, "the Southwestern Insurance Company," against whom the said plaintiffs have issued their said writ and declared thereon, by the name of "Southwestern Insurance Company, of Cairo, Illinois," by its President and Secretary, comes and says, that it is named and called "The Southwestern Insurance Company," and by the said name has hitherto been called since it was so named by the act of the General Assembly of the State of Illinois, approved March 7th, 1867. Without this, that "The Southwestern Insurance Company" now is or ever was named or called, or known by the name of "Southwestern Insurance Company, of Cairo, Illinois," as by said writ and declaration is supposed, and, this, it, "The Southwestern Insurance Company," is ready to verify; wherefore, it prays judgment of the said writ and declaration, and that the same may be quashed.

THE SOUTHWESTERN INSURANCE CO.,
"By D. Hurd, President," and JAMES S. REARDEN, Sec'y.
GREEN & GILBERT, Attorneys for Defendant.

STATE OF ILLINOIS, ⎱ sct.
   Alexander County,  ⎰

James S. Rearden, Secretary of the Southwestern Insurance Company, being duly sworn, deposes and says the foregoing plea is true.

JAMES S. REARDEN."

Sworn to and subscribed before me this  }
29th day of April, A. D. 1868.           }

                JOHN Q. HARMAN, Clerk."

To this plea plaintiffs below filed a demurrer, which the court overruled, and plaintiffs failing to reply, the writ was quashed and a judgment rendered against plaintiffs for costs. The cause is brought to this court, and the decision of the court below, in overruling the demurrer is assigned for error.

From the earliest period in the history of the common law, pleas in abatement have not been favored by the courts, and hence, great precision has been required, both in the substance and structure of such pleas. And the rules governing them have been less relaxed in modern practice than in other branches of pleadings, or in the practice which obtains in common law courts. And it is for the reason that such pleas tend to delay justice, and hinder parties from recovering their rights. They do not go to the merits of the controversy, but simply to form in the proceeding.

We find that as early as Lord Coke's time it was the recognized doctrine that a corporation aggregate could not appear in person to an action. 1 Coke Litt. 66 b. And we find the same rule announced in Comyn's Digest, Pleader 2, B. 2, where it is said, speaking of a corporation aggregate: "But the corporation must appear by attorney, appointed under their common seal." And Chitty, vol. 1, p. 551, lays down the rule, that "A plea by a corporation aggregate, which is incapable of a personal appearance, must purport to be by attorney." This plea does not purport to be by attorney, but by the president and secretary of the corporation. The plea says the company, "by its president and secretary, comes and says," &c. In this, the plea was defective and in violation of the rules of pleading. The demurrer should, therefore, have been sustained to the plea. For this error the judgment of the court below must be reversed and the cause remanded.

                                *Judgment reversed.*