64  311
29a  88

John C. Nispel, for the use of, etc.,

*v.*

The Western Union Railroad Company.

1. PLEA TO THE JURISDICTION—*by a corporation.* In an action of assumpsit against a railroad company, to which the defendant appeared "in its own proper person," and pleaded want of jurisdiction, setting out the facts, it was *held*, that the plea was bad on demurrer, as a plea by a corporation aggregate, which is incapable of personal appearance, must purport to be by attorney.

2. FORMER DECISION. The case of *Mineral Point Railroad Co.* v. *Keep*, 22 Ill. 9, upon that question, was overruled by the case of *Nixon et al.* v. *Southwestern Ins. Co.* 47 ib. 444.

3. PLEADING—*duplicity.* In this case a plea to the jurisdiction of the court on the ground the summons was improperly issued to a foreign county, was held to state only such facts as were necessary to show the court had not jurisdiction, and was not obnoxious to the objection of duplicity.

WRIT OF ERROR to the Superior Court of Cook county.

This was an action of assumpsit, brought by Nispel, for the use of Valentine Knobeloch, against the railroad company. The defendant filed the following plea:

"And the defendant, the Western Union Railroad Company, *in its own proper person,* comes and says that this court ought not to have or take further cognizance of the action aforesaid, because it says that the said supposed causes of action, and each and every of them, if any such, have accrued to the said plaintiff out of the jurisdiction of this court, that is to say, in the county of Racine, in the State of Wisconsin, and not within the county of Cook, or elsewhere, within the jurisdiction of this court; and the defendant further avers, that the supposed contract or contracts upon which said cause was brought, were not, nor were any of them, actually made in said county of Cook, and the same were not, nor any of them,

nor any part thereof, made specifically payable in said Cook county. And the defendant further avers, that this defendant is a corporation, duly established and organized, operating a line of railroad from Racine, in the State of Wisconsin, to Port Byron, in the county of Rock Island, in the State of Illinois; that its president resides in the city of Milwaukee, in the State of Wisconsin. That its directors and other officers reside at different points in said Wisconsin, and the State of Illinois, and none of such directors or other officers reside in said Cook county; that the principal office and place of business of this defendant at the time of commencing this suit, was, and now is, in the said city of Racine, in the State of Wisconsin; that this defendant's line of railroad runs through or into the counties of Winnebago, Carroll, Stephenson, Whiteside and Rock Island, and no other county or counties in said State of Illinois. That this defendant has officers and agents in each and every of said counties, where and upon whom process could have been served at the time of the commencement of this suit; that this defendant at the time of the commencement of this suit, had not, and now has no line, or part of line of road, in said Cook county, nor any office, officer, director, agent, employee, or other person in said Cook county upon whom process could then have been or can now be served. Thas this defendant has not been served with process in said Cook county. That the præcipe in this action directs the summons herein to be issued to the sheriff of Carroll county, and such summons was so issued, and finally served on J. B. Sweatt, at and in the county of Carroll, he being then and there an agent of this defendant; and the defendant further avers, that in each and every of said counties of Winnebago, Stephenson, Carroll, Whiteside and Rock Island, there was, at the time of the commencement of this suit, and now is, a circuit court within and for each of said counties respectively, any of which said courts at said time had, and now has, jurisdiction of the defendant; and any of which said courts might lawfully have and take cognizance

of the said supposed causes of action mentioned in said plaintiff's declaration; and this the defendant is ready to verify.

"Wherefore it prays judgment, whether this court can, or will, take further cognizance of the aforesaid action.

"And the defendant has caused this plea to be signed and executed, by affixing its corporate seal thereto, and causing the same to be signed by its general superintendent, solicitor and secretary, this 5th day of July, A. D. 1871.

"D. A. OLIN, *Gen. Supt.*

"[SEAL.]"          "HENRY T. FULLER, *Gen. Att'y and*

"*Solicitor for the Western Union Railway Company.*"

Mr. B. WALSH, for the plaintiff in error.

Mr. W. J. DURHAM, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit against a corporation, to which they appeared "in its own proper person," and pleaded want of jurisdiction, setting out the facts.

To this plea the plaintiff demurred generally. The court overruled the demurrer and gave judgment against the plaintiff for costs.

To reverse this judgment, the plaintiff brings the record here.

Overruling the demurrer is the only point raised on the record.

The court, in deciding upon the demurrer, doubtless was governed by the case of *Mineral Point Railroad Co.* v. *Keep*, 22 Ill. 9.

There was, manifestly, in that case, a misapplication of a rule of pleading, which, though it worked no injury to those parties, and was not required by the case to be said, has been overruled by the subsequent case of *Nixon et al.* v. *South W. Ins. Co.* 47 ib. 444, where it is said a plea by a corporation

aggregate, which is incapable of personal appearance, must purport to be by attorney, referring to 1 Ch. Pl. 551. This must be considered the settled rule of this court, as it is of the common law. The plea in that case did not purport to be by attorney, nor was it pleaded in proper person, as in this plea, but purported to be by the president and secretary of the corporation. The rules of pleading were considered as violated thereby. In conformity with this, the latest expression of opinion of this court on the point, we must hold this plea was bad, and the demurrer should have been sustained.

It is also urged by appellant that the plea is bad for duplicity. We do not think, in a legal sense, the plea is obnoxious to that objection. All the facts stated in it were necessary to show why the court in which the suit was brought had not jurisdiction.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*