NIGHTINGALE v. ELLIOT. See Case No. 10,264.

---

## Case No. 10,264.

NIGHTINGALE et al. v. OREGON CENT. RY. CO. et al.

[2 Sawy. 338; 17 Int. Rev. Rec. 61, 93; 5 Chi. Leg. News, 243; 4 Leg. Op. 622; 5 Leg. Gaz. 61.] [1]

Circuit Court, D. Oregon. Jan. 27, 1873.

ATTORNEY HAS EXCLUSIVE CONTROL OF SUIT— COUNSEL—AUTHORITY OF—PRINTED SIGNATURE.

1. The attorney of a party has the exclusive control of the conduct and management of a suit, and neither the party nor his agent or attorney in fact has authority to sign a stipulation for a continuance.

2. Counsel in a suit is not authorized to represent his client except in the argument or hearing before the court.

3. A printed name of counsel is not his signature.

This was a motion made by plaintiffs' counsel, E. D. Shattuck, with whom was W. H. Effinger, on December 13, 1872, to set aside an order theretofore made, continuing this cause until April 25, 1873, upon the ground that the stipulation therefor was signed on behalf of said plaintiffs [John Nightingale and others], without authority.

William H. Effinger, for plaintiffs.
Joseph N. Dolph, for defendants.

DEADY, District Judge. The following facts are proven:

I. That on May 26, 1871, the plaintiffs commenced this suit by David Logan, their solicitor, and E. D. Shattuck, their counsel; and that at the end of the complaint, which is in print, the names of J. B. Felton and W. H. Patterson are printed as "of counsel for complainant;" and that neither said Felton nor Patterson, were then, or since, attorneys or counsellors of this court; but were, on May 29, 1871, by order of this court, allowed to appear as counsel therein for plaintiffs in this suit.

II. That on November 30, 1872. while the cause was pending upon exceptions to the complaint for impertinence, a stipulation for a continuance until April 25, 1873, theretofore signed, in San Francisco, by said Felton and Patterson, as attorneys for plaintiffs, was filed by the attorney for defendants, upon which stipulation, and on motion of said defendants' attorney, the order for continuance was then and there granted, without notice to said Logan or Shattuck.

III. That prior to the commencement of the suit, it was agreed between plaintiff Elliott and said Felton, that the latter would furnish the sum of $20,000 to prosecute this suit, and should receive therefor 33⅓ per centum of whatever sum might be recovered therein; and that afterward, and soon after the commencement of this suit, said Elliott, at the special instance and request of said Felton, assigned to him, for the use of himself and said Patterson, 48-100 of the cause of suit, in consideration that F. and P. would furnish remainder of said $20,000, and give their professional service and attention in the conduct and maintenance of this suit; and that said F. and P. have not furnished the remainder of said $20,000, nor rendered any professional service in and about said suit, since the commencement thereof.

Upon this state of facts, the motion to set aside the order must be allowed. Neither Felton nor Patterson, being attorneys or counsellors of this court, had any authority to sign the stipulation. The order admitting them, as a matter of comity, to appear as counsel in the case, only authorized them to represent the plaintiff before the court in the argument or hearing of the same, and not in the written proceedings or out of court. Nor does the fact that their names are printed on the complaint as "of counsel for the complainant" affect the matter one way or the other. These printed names are not their signatures. Besides, not being counsellors of this court, they were not authorized to sign the complaint as counsel. Again, an attorney who appears only as counsel in a case, is not authorized to sign a stipulation for a continuance, even if he be an attorney and counsellor of the court in which the suit is pending. The conduct of a suit, except in a matter arising in the argument or hearing before the court, is exclusively under the control of the attorney.

Counsel for defendants seek to avoid the force of these conclusions, by maintaining that it appears from the facts that F. and P. are interested in the subject matter of the suit, and therefore are entitled to control it, and that in any event, having undertaken to carry on and prosecute this suit, they are the attorneys in fact or agents of the plaintiff for that purpose, and therefore had authority to sign the stipulation.

The parties on the record, or their attorneys, are the only ones which the court can recognize as having power to continue or discontinue the suit. Whatever interest F. and P. may have in the event of the suit, or the subject matter of it, as between them and the plaintiffs. so far as this motion and the conduct of the suit is concerned, they are strangers to the proceeding.

[1] [Reported by L. S. B. Sawyer. Esq., and here reprinted by permission. 5 Leg. Gaz. 61, contains only a partial report.]

Upon the second proposition counsel for plaintiffs insist that it appears from the evidence that F. and P. have abandoned their contract with the plaintiffs, and refused to perform the same, and therefore they are no longer, if ever, attorneys in fact or agents of the plaintiffs.

From the view I take of the matter it is not necessary to decide this question. Section 35 of the judiciary act (1 Stat. 92) provides that: "In all the courts of the United States the parties may plead and manage their own cases personally, or by the assistance of such counsel or attorneys at law, as by the rules of the said courts respectively shall be permitted to manage and conduct causes therein."

When, in this court, a party does not choose to manage his cause personally, as permitted by this section, he can only do so by an attorney thereof. He cannot appoint an agent not an attorney of this court, and authorize such agent to represent him in the suit. But when a party makes his choice and selects an attorney of this court to conduct and manage his case, the attorney stands in his place. Until such attorney is changed or discharged, he has the exclusive control of the conduct and management of the suit. He cannot give a release or discharge the cause of action. But he has exclusive control of the remedy, and may continue or discontinue it. Gaillard v. Smart, 6 Cow. 385; Kellogg v. Gilbert, 10 Johns. 220. His client cannot control him in the due and orderly conduct of the suit. Anon., 1 Wend. 108.

Such being the legal effect of the plaintiffs' selecting Messrs. Logan and Shattuck to bring and manage this suit, and represent them therein before this court, it follows that Elliot could not authorize F. and P. to sign this stipulation for a continuance, or otherwise control the conduct thereof, because he no longer had power to do so himself. If a client cannot control his attorney in the conduct of a suit, he certainly cannot constitute or authorize an agent to do so.

It matters not, then, what the true relation is between the plaintiffs and F. and P.; they not being parties to this suit or attorneys therein, had no authority to sign the stipulation for a continuance. The order for continuance, based thereon, is set aside.