## No. 10,662.

## BENNIE, ET AL. *v*. TRIANGLE RANCH CO.

Decided July 2, 1923.

Action in damages.    Judgment for plaintiff.

### *Reversed.*

### *On Application for Supersedeas.*

1. ATTORNEYS—*Judicial Notice.* The supreme court will take judicial notice that the name of a person does not appear upon the roll kept by the clerk, as a person licensed to practice as an attorney and counselor at law within Colorado.

2. CORPORATIONS—*Appearance in Court by Attorney Only.* A corporation can only appear in court by attorney. It is incapable of personal appearance, and a complaint must purport to be by attorney, whose authority to appear is presumed.

3. ATTORNEYS—*Unlicensed.* An action cannot be commenced and prosecuted through the courts by one who is denied the authority and privilege of practicing as an attorney and counselor at law.

4. JUDGMENT—*Procured by Unlicensed Attorney Void.* Proceedings instituted and prosecuted by an unlicensed attorney are without authority, and a judgment resulting from such proceedings is void.

*Error to the County Court of Lincoln County, Hon. P. O. Hedlund, Judge.*

Mr. JOHN G. REID, for plaintiffs in error.

No appearance for defendant in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

AN unverified complaint was filed in the county court of Lincoln county, subscribed "The Triangle Ranch Company, by Jesse L. Thomas, Secretary and Manager," seeking damages for loss and injury to its cattle, alleged to have been inflicted by the plaintiffs in error. After issue made by answer the case came on for trial, which resulted in a judgment for plaintiff, and the defendants bring the case here by writ of error.

It appears that no notice was taken below, by either the defendants' attorney or the court, that the plaintiff was being represented in the trial of the case by a person not authorized to appear as attorney in a court of record.

We take judicial notice that the name of Jesse L. Thomas does not appear upon the roll kept by the clerk of this court as a person licensed to practice as an attorney and counselor at law within this state.

Our statute (5997 C. L.) provides that no person shall be permitted to practice as an attorney or counselor at law, or to commence, or conduct, or defend any action or suit in any court of record within this state, either by using or subscribing his name, or the name of any other person, without obtaining a license from at least four of the Justices of the Supreme Court.

The record recites that Thomas appeared as attorney for the plaintiff, selected a jury, conducted the trial, and, after judgment, signed written objections to the bill of exceptions and described himself as "Attorney for plaintiff." He also appeared in this court and filed a motion to strike the bill of exceptions, and a brief in support

thereof, as well as a brief in opposition to the motion for a supersedeas, which were subscribed "The Triangle Ranch Company, by Jesse L. Thomas, Secretary and Manager."

The plaintiff corporation invoked, and submitted itself to, the jurisdiction of the court, if at all, through the actions and appearance of Mr. Thomas as its representative. This he was unauthorized to do.

It is elementary that a corporation can only appear by attorney. A corporation is incapable of personal appearance, and the complaint must purport to be by attorney, whose authority to appear is presumed. *Nispel v. W. U. R. R. Co.,* 64 Ill. 311-314; *Nixon v. S. W. Ins. Co.,* 47 Ill. 444-446; *U. P. R. W. Co. v. Horney,* 5 Kans. 340-347; *State Bank v. Bell,* 5 Blackford (Ind.) 127.

A wise public policy has uniformly maintained these or similar statutory provisions regulating the practice of law, for the protection of citizens and litigants in the administration of justice, against the mistakes of the ignorant on the one hand, and the machinations of unscrupulous persons on the other, and as long as these salutary provisions remain as the law of the state for our guidance, we cannot allow an action to be commenced and prosecuted through the courts by one who is denied the authority and the privilege of an attorney and counselor at law.

It follows that the proceedings were instituted and prosecuted without authority and in violation of law, and the judgment resulting from such proceedings is void. *Newburger v. Campbell,* 9 Daly, (N. Y.) 102; *Kaplan v. Berman,* 75 N. Y. Supp. 1002.

The judgment will be reversed and remanded, with directions to dismiss the complaint, with costs against Thomas.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur in the reversal of the judgment, but not as to the order directing the dismissal of the complaint.