NEW JERSEY PHOTO ENGRAVING COMPANY, complainant,

*v.*

CARL SCHONERT & SONS, INC., defendant.

[Decided September 12th, 1923.]

1. No person, except in his own cause or in the case of an infant, is permitted to appear and prosecute or defend any action in this (or any) court, or make any interlocutory motion therein, unless he is a licensed attorney-at-law of the supreme court of this state; and, as such he is licensed as a solicitor in chancery, and appears here in that capacity.

2. Corporations, being artificial persons, cannot practice law.

3. A corporation can, however, like an individual, file its claim with a receiver, without the intervention of a solicitor; but, after the expiration of the time limited, an order extending the time can only be obtained by application to the court by a solicitor.

4. Practicing law without a license is both a contempt of court and an offence against the Crimes act.

5. An application to file a claim out of time made by a corporation through an "attorney in fact" cannot be considered.

6. Members of the bar only have audience in the courts.

On bill, &c.

WALKER, CHANCELLOR.

A receiver having been appointed for the defendant corporation an order was made December 8th, 1922, requiring creditors to present their claims to him within two months or be excluded from the benefit of dividends. And now, August 18th, 1923, a petition is presented on behalf of the American Oil and Supply Company, setting up that it is a creditor of defendant; that it received no notice of the order limiting creditors; that it attempted to file its claim with the receiver August 1, 1923; but that it was rejected because barred by lapse of time; and petitioner prays for

an order permitting the filing of its claim with the receiver as of time. This paper was signed in the name of the corporation: "Per G. A. Boyce, Atty. in fact." Attorneys in fact have no audience in the court of chancery, and are without right to practice at its bar. They cannot appear as solicitors of record for corporations or others.

I do not say that a corporation cannot file a claim with a receiver without the intervention of a solicitor. On the contrary, I say it can. A corporation's claim may be drawn up by one of its officers or employes or any one acting in its behalf, and, if he knows how to do it, he can append an affidavit to the claim, and after it is sworn to by an officer or agent of the company having knowledge of the facts, it may cause the verified claim to be lodged with the receiver, just as an individual creditor of the concern may do. But, after the expiration of the time in the order limiting creditors has expired, an order extending that time can only be obtained by application to the court, which application must be made by the party in person or by solicitor.

Now, a corporation is an artificial person, and, therefore, cannot personally appear. It acts in affairs of business by its officers and agents representing it; and may even be an executor, &c., by virtue of the statute just as a natural person can. But not every natural person can be a lawyer. A corporation acts in affairs of law through its attorneys and solicitors, and, in the nature of things, must so act. Consequently, it can only apply for an order through a solicitor; as only members of the bar have audience in the courts, and corporations cannot be admitted to the bar. In *1 Dan. Ch. Pl. & Pr.* § *146* it is stated that where corporations aggregate are sued in their corporate capacity they must *appear by attorney* and answer under the common seal of the corporation. See also *Ransom* v. *Stonington Savings Bank, 13 N. J. Eq. 212.* They may adopt and use any seal *pro hac vice. Ibid.* See the form of a jurat to the answer of a corporation. *Dick. Ch. Prec. (rev. ed.) 115.* In the same work in the forms of affidavits to bill (at *p. 17*) is one by an attorney in fact. This, however, does not refer to the

case of a corporation. It is the case of a complainant out of the state and who has constituted an attorney in fact under a power of attorney executed and delivered. That only permits him to file the bill; not to appear as the advocate of the complainant; and, indeed, it could not authorize him to do the latter. In a footnote (c) it is said that the form was prescribed by the chancellor in *Bank of Orleans* v. *Skinner, 9 Paige 305.* This case, however, has nothing to do with an attorney in fact. It was one in which the chancellor said that the counsel for the bank was better acquainted with the facts than the president and cashier, and that he therefore was a proper person to verify the bill. I believe that the filing of bills for absent complainants by attorneys in fact is obsolete. And one so filed would have to be in the name of the principal, as, A. B. by C. D., his attorney in fact, and would have to be presented by a solicitor. I am quite sure that in the court of chancery of New Jersey preferring bills through an attorney in fact is obsolete; and I am also quite sure that the practice of putting in corporate answers under the common seal of the corporation, or one adopted *pro hac vice*, is also obsolete, or nearly so. As the answering corporations must be represented by solicitors it has come to be almost the universal practice for corporations' answers to be signed by the solicitors only and not attested under the common seal. Of course, the authority of the solicitor is presumed until the contrary be shown or appears; and there has never come under my notice a case in which a solicitor's appearance for a corporation was repudiated by it, or its authority to represent it, questioned.

The Practice act (*Comp. Stat. p. 4055 § 16*) provides that every person of full age and sound mind may prosecute or defend any action in any court in person or by his solicitor or attorney; and section 17 provides that no person except in his own cause or in the case of an infant shall be permitted to appear and prosecute or defend any action in any court unless he is a licensed attorney-at-law of the supreme court of this state who shall be under the direction of the court in which he acts. And this, of course, extends to any

interlocutory motion made to the court in a pending cause. And no one can appear for an infant except as next friend or guardian, as infants sue by next friend (*Heath* v. *Maddock, 81 N. J. Eq. 469*) and defend by guardian. *In re Martin, 86 N. J. Eq. 265, 270.* An attorney-at-law is also licensed as a solicitor in chancery, and appears in this court in the latter capacity.

The New York court of appeals (*In re Co-operative Law Company, 198 N. Y. 479*) held that the practice of law is not a business open to all, but a personal right, limited to a few persons of good moral character, with special qualifications, ascertained and certified after a long course of study and a thorough examination, by a state board appointed for the purpose; that the right to practice law is in the nature of a franchise from the state conferred only for merit; that the practice of law is for the members of the bar who have complied with all the conditions required by statute and rules of court, and as these conditions cannot be performed by a corporation it follows that the practice of law is not a lawful business for a corporation to engage in.

The supreme court of Massachusetts in *Creditors' National Clearing House* v. *Bannwart. 227 Mass. 579,* held, that for a corporation to maintain a law department through which it would give legal advice and perform the services of an attorney in collecting claims was contrary to the statute of that commonwealth and unlawful.

Practicing law in our state, without being duly licensed, is not only a contempt of court (to be prosecuted in a separate proceeding—*In re Merrill, 88 N. J. Eq. 261, 267*), for which the offender may be adequately punished by the court in which the offence is committed; but by supplement to the Crimes act of 1913 (*P. L. p. 358; Comp. Stat. 1st Supp. 450 § 60*), it is made a misdemeanor.

As the application before me is neither made by the party in person (as indeed it cannot be, as the "person" is an artificial one, namely, a corporation, which cannot appear "personally"), nor by a solicitor in chancery, it cannot be considered.