SELLENT-REPENT CORP., Plaintiff, *v.* QUEENS BOROUGH GAS AND ELECTRIC COMPANY and Others, Defendants.

Supreme Court, Special Term, Kings County, October 13, 1936.

*Sellent-Repent Corp.*, plaintiff in person.

*J. Donald Whelehan* [*Samuel C. Whitman* of counsel], for the defendant Anola Dewitt Johnston.

BROWER, J.  This is a motion to cancel a notice of pendency of this action and to dismiss the complaint as against the moving defendant.  Plaintiff is a domestic corporation and is not represented in this action by an attorney at law, the summons and complaint being subscribed in its corporate name as appearing in person. The sole ground on which movant relies on this motion is that a corporation cannot prosecute or defend an action in person, but must appear by an attorney duly licensed to practice.

The question seems not to have been passed upon in this State. *A. B. C. Steel Equipment Co., Inc.*, v. *Schreiber Co., Inc.* (150 Misc. 124), cited by defendant, was decided upon other grounds.  Defendant relies upon section 236 of the Civil Practice Act and *Mullin-Johnson Co.* v. *Penn. Mutual Life* (9 Fed. Supp. 175), decided in California, where in passing upon the provisions of section 394 of title 28 of the United States Code, a Federal statute quite similar to section 236 of the Civil Practice Act, and in which parties are permitted to plead and manage their own cases in person, it was held: " Since a corporation cannot practice law, and can only act through the agency of actual persons, it follows that it can appear in court on its own behalf only through a licensed attorney."

The right of a corporation to sue and be sued upon an equal footing with natural persons has long been recognized.  (*Thomas* v.

*Dakin*, 22 Wend. 9, 70; *LaFarge* v. *Exchange Fire Ins. Co.*, 22 N. Y. 352; State Const. art. 8, § 3.) When acting for a person other than itself, it is made unlawful for a corporation to practice law or appear as an attorney at law. (Penal Law, § 280.)

Defendant has failed to note the distinction between a corporate act performed by a person employed to act as its agent and attorney, and a like act done by the corporation through its own administrative officers. A corporation is a legal entity, often spoken of as an artificial person and by the same fiction like a natural body having power to act and reason. A corporation may employ an agent or attorney to act on its behalf in the same manner as a natural person, but the act of the corporate officer in employing an agent is the act of the corporation. The officers of a corporation are the vehicle and conduit by and through which it is given being and from which the power to act and reason springs. A wide difference exists between acting for oneself by an inherent faculty, and the employment of another person to act for and in one's stead. When a corporation does not go outside its own corporate machinery in the performance of a corporate act, it is acting in person and upon an equal footing with a natural person, including the right to sue in person.

Motion denied.