THE MORTGAGE COMMISSION OF THE STATE OF NEW YORK and Another, Plaintiffs, *v.* GREAT NECK IMPROVEMENT COMPANY and Others, Defendants.

Supreme Court, Trial Term, Nassau County, March 31, 1937.

*Maurice Finkelstein* [*Lewis F. X. Cotignola* and *George F. Kaiser* of counsel], for the plaintiffs.

Defendant appearing in person.

HALLINAN, J.   In this action to foreclose a mortgage on real property, the defendant Great Neck Improvement Company, a domestic corporation, served a notice of appearance and an answer containing an affirmative defense, subscribed in its corporate name, as appearing in person.   The plaintiffs now move for an order striking out this answer upon the sole ground that a corporation cannot defend an action in person  but must appear by a duly licensed attorney.

The question thus presented seems to have been passed upon by the courts of this State for the first time in the case of *Sellent-Repent Corporation* v. *Queens Borough Gas & Electric Co.* (160 Misc. 920), wherein Mr. Justice BROWER, sitting in Special Term, Part I, of the Supreme Court in Kings county, held that a corporation may appear in person to prosecute or defend an action. Since the publication of that decision, the problem was discussed editorially in the New York Law Journal of March 3, 1937 (p. 1064) and in a letter of Edwin M. Otterbourg, Esq., chairman of the committee on the unlawful practice of the law of New York County Lawyers Association of New York city, published in the New York Law Journal of March 23, 1937 (p. 1432).   In addition I have been materially aided in the disposition of this motion, by the clear argument and thorough presentation of authorities in the brief of the attorney for the plaintiffs and that of the defendant Great Neck Improvement Company which in opposition to the motion submitted an affidavit and a brief again subscribed by it, in person.

The affidavit is by the president of the corporation, a member of its board of directors.   He states that he is performing all acts in connection with the defense of this action solely by virtue of his office; that he has been promised and will receive no extra or additional compensation of any kind for whatever work or services he has or may hereafter render in connection with the defense of this action, which he and the board of directors regard as part of his duties as executive officer of the corporation; that he drew and verified the answer and drew the affidavit and brief in opposition to this motion; and that all acts in connection with this

action, other than purely " ministerial duties, such as stenography," have been personally performed by him.

It does not appear in the papers whether said president of the defendant corporation is a member of the bar of this State or any other State, or whether he has ever had any experience or training in the law. Nevertheless the draftsmanship and content of the papers submitted by him for the defendant corporation are such as an able member of the bar, in good standing in this State, might well have prepared.

Section 236 of the New York Civil Practice Act is the only provision in our civil practice dealing with appearance in person. It reads as follows: " A party who is of full age may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs. Wherever in a statute or rule relating to the conduct of an action a reference is made to an attorney for a party it shall be deemed to include a party prosecuting or defending in person unless otherwise specially prescribed therein or unless that construction is manifestly repugnant to the context. If a party has an attorney in the action he cannot appear to act in person except with the consent of the Court."

The language used in this section, *"A party who is of full age * * * unless he has been judicially declared to be incompetent to manage his affairs,"* makes no mention of either " a person " or " a corporation." Leave to prosecute or defend an action " in person " is granted only to " a party of full age," not " incompetent."

Section 55 of the Code of Civil Procedure, which was superseded by section 236 of the Civil Practice Act, had the following language: " A party * * * who is of full age, may prosecute or defend same in person or by attorney, at his election, unless he has been judicially declared to be incompetent to manage his affairs."

Thus, the language of both the Code and the Civil Practice Act gave the right to appear in person only to *" a party of full age."* The choice of the words " a party of full age " is indicative of the intent to exclude minors, incompetents and corporations, and to change the common law to the extent of permitting a natural person of full age and of sound mind only to prosecute or defend a case in his own behalf. At common law a corporation was incapable of appearing in person in an action. (1 Coke Litt. [1st Am. ed.] § 90, 66b; 6 Comyn's Digest, Pleader 2, B2; 1 Chitty [16th Am. ed.], p. 551.) Originally, corporations were part of the sovereign and could neither sue nor be sued. (1 Coke Litt. *supra.*) Eventually this rule was relaxed to permit corporations to sue or be sued, that is, to become either party plaintiffs or party defendants.

Section 3 of article 8 of the present New York State Constitution provides, as it did in the amended Constitution of 1846: " all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons."

This provision gives to corporations the same protection and subjects them to the same liability which would involve an individual under the same circumstances. (*Williams* v. *Village of Port Chester*, 97 App. Div. 84; affd., 183 N. Y. 550.) It does not give to a corporation the right to appear in person. It bears in no way upon the interpretation of section 236 of the Civil Practice Act, which was enacted subsequently, so long as a suit may be brought by or against a corporation.

The defendant contends that the right of a corporation to conduct or defend litigation in its own behalf, in person, through its regular officers, was recognized by the Legislature when it enacted section 280 of the Penal Law, which in part reads as follows: " It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney-at-law for any person other than itself in any court in this State or before any judicial body, or to make it a business to practice as an attorney-at-law, for any person other than itself, in any of said courts."

The argument is advanced that this statute prohibiting corporations in New York from practicing law expressly authorizes, if not in so many words at least by specific exclusion and clear implication, the right of a corporation to prosecute and defend actions in person, because the prohibition in this section is as to all persons " other than itself."

It is true that a corporation may not be prosecuted under this section for interposing an answer in its own name, as a defendant in person, but that does not change the provisions of section 236 of the Civil Practice Act, which do not give a corporation the power to prosecute or defend an action in person.

Section 280 of the Penal Law was not intended nor can it be construed to *grant authority* even by implication, to a corporation to do that which under the civil law it has no power to do. The statute was designed to *prohibit* improper functions on the part of corporations and others. It was designed to put a stop to a rapidly growing practice by impersonal corporations of exercising functions which can properly be exercised only by a duly admitted and licensed attorney, who is under the direct supervision of the court and amenable to its discipline. (*People ex rel. Florsheimer* v. *Purdy*, 174 App. Div. 694; revd. on other grounds, 221 N. Y. 481.)

The board of directors of a domestic corporation are its trustees; its officers are its agents appointed by the trustees to conduct its

business as defined in its charter and by-laws. These under no circumstances can include the practice of law.

Under section 270 of the Penal Law, it is unlawful for any natural person to practice law or *to appear for another* in a court of record of this State. How then can an officer of a corporation, a natural person not admitted to practice law in this State, appear in behalf of his corporation in a court of record. The court, in the *Sellent-Repent Corp. Case (supra)* answered this question by stating: " A wide difference exists between acting for oneself by an inherent faculty, and the employment of another person to act for and in one's stead. When a corporation does not go outside its own corporate machinery in the performance of a corporate act, it is acting in person and upon an equal footing with a natural person, including the right to sue in person."

I cannot subscribe to this reasoning. A corporation can only act through natural persons, its board of directors and officers. It is bound by the corporate acts of such natural persons, *i. e.,* such acts as are within the scope of its corporate powers. If the corporate officers or agents do that which the corporation is *functionally incapable of doing*, that cannot be construed as an act of the corporation " by an inherent faculty."

As was said in the California case of *Mullin Johnson Co.* v. *Penn Mutual Life Insurance Co.* (9 Fed. Supp. 175):

" It is settled in California that there are certain professional occupations which a corporation is functionally incapable of engaging in, such as the practice of the law. Plaintiff corporation is not, and could not be, a member of the Bar of California, whose members, under our rules, may be admitted to practice in this court. Obviously plaintiff corporation could not plead and manage its case personally, as provided in 28 U. S. C. A., § 394, nor could it manage it through an agent of its appointment who is not an attorney of the court. (*Nightingale* v. *Oregon Cent. Ry. Co.* [C. C. Or. 1873] 18 Fed. Cas. 239, No. 10,264.)

" ' Since a corporation cannot practice law, and can only act throught the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by attorney, whose authority to appear is presumed; in other words, a corporation cannot appear *in propria persona*. A judgment rendered in such a proceeding is void.' (California Jurisprudence, 1932 Supplement, ' Practice of Law,' p. 34, citing *Bennie* v. *Triangle Ranch Co.,* 75 Colo. 586; 216 Pac. 718.)

Section 394 of title 28 of the United States Code, referred to in the above opinion, is similar to section 236 of the Civil Practice Act and reads as follows: "Appearance personally or by counsel. In all the courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein." (Annotated Federal Judicial Code and The Judiciary [3d ed.] by James Love Hopkins, 1926, § 272.)

The Supreme Court in Colorado, in the case of *Bennie* v. *Triangle Ranch Co.* (75 Colo. 586; 216 P. 718), said: " It is elementary that a corporation can only appear by attorney. A corporation is incapable of personal appearance, and the complaint must purport to be by attorney, whose authority to appear is presumed." (See, also, Illinois: *Nixon, Ellison & Co.* v. *Southwestern Insurance Co.*, 47 Ill. 444; *Nispel* v. *Western Union Railroad Co.*, 64 id. 311. Oregon: *Nightingale* v. *Oregon Central Railway*, [C. C. Or.] 18 Fed. Cas. 239, No. 10,264. Virginia: *Culpeper National Bank, Inc.*, v. *Tidewater Improvement Co., Inc.*, 119 Va. 73, 79; 89 S. E. 118. Kansas: *Union Pacific R. Co.* v. *Horney*, 5 Kan. 340; 1 Cyc. p. 126. Michigan: *Cobb* v. *Judge of Superior Court of Grand Rapids*, 43 Mich. 289.)

More recently the Supreme Court of Missouri, in the case of *Clark* v. *Coon* (—— Mo. ——; 101 S. W. [2d] 977), considered this problem. That was a proceeding to adjudge the respondent in contempt of court because of alleged illegal practice of law. It appears that the respondent Coon was the assistant general freight agent of the Missouri Pacific Railroad Company. In hearings before the Public Service Commission he represented his employer in the capacity of employee and freight agent and not in the capacity of attorney at law. In finding Coon in contempt of court, the seven judges, constituting the court, wrote separate opinions. From the opinion of Judge Frank the following is quoted: " The capacity in which he appeared in such hearings must be determined by the admitted acts he performed, and not by his alleged statement of the capacity in which he appeared. The law recognizes the right of natural persons to act for themselves in their own affairs, although the acts performed by them, if performed for others, would constitute the practice of law. A natural person may present his own case in court or elsewhere, although he is not a licensed lawyer. A corporation is not a natural person. It is an artificial entity created by law. Being an artificial entity it cannot appear or act in person. It must act in all its affairs through agents or representatives. In legal matters, it must act, if at all, through licensed

attorneys. (*Mullen-Johnson Co.* v. *Penn. Mutual Life Ins. Co.*, 9 Fed. Supp. 175; *New Jersey Photo Engraving Co.* v. *Carl Schonert & Sons, Inc.*, 95 N. J. Eq. 12; 122 A. 307; *Black & White Operating Co.* v. *Grosbart*, 107 N. J. L. 63; 151 A. 630; *Cary & Co.* v. *Satterlee & Co.*, 166 Minn. 507; 208 N. W. 408; *In re Richards*, 333 Mo. 907; 63 S. W. [2d] 672.) * * * Respondent Coon, not being a licensed lawyer, his employment by the Missouri Pacific Railroad Company in the capacity of freight agent did not authorize him to represent the railroad in matters involving the practice of law."

In *Matter of Co-Operative Law Co.* (198 N. Y. 479) Judge VANN writing for our Court of Appeals, characterized the practice of law in the following language: " The practice of law is not a business open to all, but a personal right, limited to a few persons of good moral character, with special qualifications ascertained and certified after a long course of study, both general and professional, and a thorough examination by a State board appointed for the purpose. The right to practice law is in the nature of a franchise from the State conferred only for merit. It cannot be assigned or inherited but must be earned by hard study and good conduct. It is attested by a certificate of the Supreme Court and is protected by registration. No one can practice law unless he has taken an oath of office and has become an officer of the court, subject to its discipline, liable to punishment for contempt in violating his duties as such and to suspension or removal."

Were it possible for corporations to prosecute or defend actions in person, through their own officers, men unfit by character and training, men whose credo is that the end justifies the means, disbarred lawyers or lawyers of other jurisdictions would soon create opportunities for themselves as officers of certain classes of corporations and then freely appear in our courts as a matter of pure business not subject to the ethics of our profession or the supervision of our bar associations and the discipline of our courts.

Again quoting from the opinion of Judge VANN (*supra*): " There would be no remedy by attachment or disbarment to protect the public from imposition or fraud, no stimulus to good conduct from the traditions of an ancient and honorable profession, and no guide except the sordid purpose to earn money for stockholders."

Accordingly, plaintiffs' motion is in all respects granted. Since however, the defendant is convinced that it has the power to appear in person in this action, and since it has the decision of a court of co-ordinate jurisdiction to sustain its view and this matter has not yet been passed upon by our appellate courts, a stay is granted to the defendant pending the appeal to the Appellate Division. Submit order.