FINOX REALTY CORPORATION, Landlord, *v.* HYMAN LIPPMAN, Tenant.

Municipal Court of New York, Borough of Manhattan, First District, May 7, 1937.

*Jacob Frank*, for the landlord.

*Leo G. Lippman* for the tenant.

MATTHEWS, J.   This is a summary proceeding brought by the landlord herein against the tenant for non-payment of a portion of the rent for March, 1937, and all of the rent for April, 1937.

The landlord herein is a domestic corporation. and entered into a written lease with the tenant on or about the 25th day of November, 1936, by which it leased to the tenant, and the tenant hired from the landlord, for business purposes, the east store and basement in the building in premises known as 312 Canal street, borough of Manhattan, New York city, at an agreed rental of fifty-five dollars per month, payable monthly in advance on the first day of each month.

The petition, which was verified April 1, 1937, alleges that on that date there was due the landlord from the tenant, by virtue of said lease, the sum of eighty-eight dollars; thirty-three dollars of which was the balance due for the month of March, 1937, and the remaining fifty-five dollars was the full amount due for the month of April, 1937.

The petition is made by Israel Klein, who alleges that he is the agent of the landlord herein with respect to the premises described, and said petition is also verified by the said Israel Klein, and sets forth that said deponent is the agent of said landlord and that all material allegations set forth in the petition are within his personal knowledge, as agent for said landlord, for which reason this verification is made by the deponent and not by the landlord.

The precept herein was issued on the 2d day of April, 1937, and was served personally on the same day upon the tenant.

The tenant duly appeared herein and interposed a general denial; also a defense that payment of the balance due for the month of

March, 1937, had been tendered but refused, and that the rent for April, 1937, was not due prior to April 1, 1937, the date upon which the petition was executed.

This summary proceeding came on before me for trial on April 13, 1937, at which time the landlord appeared by the said Israel Klein, its agent, and the tenant appeared by his attorney, Leo G. Lippman, Esq., an attorney and counselor at law of the State of New York.

The landlord started to proceed with the trial by its agent, Israel Klein, when the tenant's attorney called the court's attention to the fact that the said Israel Klein was not an attorney at law; that he had no authority to try this case on behalf of the landlord, and moved to dismiss the proceeding on the ground that the court had no jurisdiction inasmuch as the corporation landlord had not appeared by a regularly admitted attorney at law and could not appear in person and perform acts which amounted to practicing law. The proceeding was thereupon adjourned until April 20, 1937.

During the intervening seven days, the landlord herein filed a bill of particulars, and attempted to serve a copy thereof upon the attorney for the tenant. This bill of particulars is subscribed at the end:

> " Jacob Frank,
>    Attorney for Landlord,
>    38 Park Row,
>    Borough of Manhattan,
>    City of New York,"

and it is inclosed within one of the printed covers of this same attorney, on which his name also appears as attorney for the landlord.

The tenant's attorney refused to accept a copy of this bill of particulars, returned it to Jacob Frank, Esq., within twenty-four hours after its receipt, basing his refusal upon the fact that this attorney's name does not appear upon the petition herein as attorney of record for the landlord, and that, therefore, he had no right to file this bill of particulars. The original bill of particulars bears the stamp of the clerk of this court: " Filed — April 15, 1937 — 1st District, Boro. Man.," and is now among the filed papers in this case. However, the tenant, having returned the copy of said bill of particulars for the reasons given, and as prescribed by the provisions of the Civil Practice Act, cannot be deemed to have waived any of his rights because of the fact that this bill of particulars has been filed herein, and that a copy was served upon his attorney.

Upon the adjourned date of the hearing herein, to wit, April 20, 1937, the landlord appeared before this court by Jacob Frank,

Esq., who stated to the court that he was appearing as attorney for the landlord, and was ready to proceed with the trial. The tenant's attorney renewed his motion to dismiss, on the ground of lack of jurisdiction, inasmuch as the landlord, a corporation, had appeared in person originally and was attempting in effect to practice law, whereas it had no such power. Decision was reserved, and thereupon the tenant agreed that he would rest entirely upon his motion to dismiss, and that, if the court should decide against him, a final order might be entered herein in favor of the landlord without the taking of any testimony with respect to the facts set forth in the petition.

The only question before me now for decision is whether this proceeding has been properly brought or whether the motion to dismiss must be granted for the reasons raised by the tenant.

Nowhere on this precept or petition does there appear the name of an attorney at law as attorney for the landlord, nor any indication that the landlord, a domestic corporation, is represented by any one but its agent, Israel Klein, who, concededly, is not, and never has been, a member of the bar of the State of New York, nor does it anywhere appear that the said Israel Klein is an officer of this corporation.

There has been too much laxity in the procedure before our courts with respect to summary proceedings. It has been a common practice for corporate landlords to appear by agents who are not attorneys; and the question raised by this motion becomes a matter of considerable importance to such corporation landlords, and further involves the orderly procedure which should obtain in this court.

Both the attorney for the tenant, and the attorney who is now attempting to appear as attorney for the landlord, have submitted briefs which have received very earnest consideration. Neither party has cited any decisions in this Department which are helpful upon the point involved, and I have not been able to find any.

The question of the landlord's right to appear in person herein, as it has attempted to do, is controlled by section 236 of the Civil Practice Act, which states: " A party who is of full age may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs. Wherever in a statute or rule relating to the conduct of an action a reference is made to an attorney for a party it shall be deemed to include a party prosecuting or defending in person unless otherwise specially prescribed therein or unless that construction is manifestly repugnant to the context. If a party has an attorney in the action he cannot appear to act in person except with the consent of the court."

This section has recently been construed by Mr. Justice HALLINAN, sitting in Trial Term, Part II, Supreme Court of the State of New York, Nassau county, in the case of *Mortgage Commission of the State of New York* v. *Great Neck Improvement Co.* (162 Misc. 416, 418, decided March 31, 1937). In that case Mr. Justice HALLINAN wrote a very exhaustive and illuminating opinion upon this question, in which, *inter alia*, he stated with reference to this section: " Thus, the language of both the Code and the Civil Practice Act gave the right to appear in person only to ' a party of full age.' The choice of the words ' a party of full age ' is indicative of the intent to exclude minors, incompetents and corporations, and to change the common law to the extent of permitting a natural person of full age and of sound mind only to prosecute or defend a case in his own behalf."

The learned justice supports his contention by citing a great number of authorities. He further states: " At common law a corporation was incapable of appearing in person in an action. (1 Coke Litt. [1st Am. ed.] § 90, 66b; 6 Comyn's Digest, Pleader 2, B2; 1 Chitty [16th Am ed.], p. 551.) Originally, corporations were part of the sovereign and could neither sue or be sued. (1 Coke Litt. *supra.*) Eventually this rule was relaxed to permit corporations to sue or be sued, that is, to become either party plaintiffs or party defendants."

This same authority has been given to corporations by the New York State Constitution (Art. 8, § 3). This section of the Constitution is in derogation of common law and, as such, must be strictly construed.

By no rule of construction can the right to sue or be sued authorize the corporation to practice law. Such right, if it exists at law, must be found in the statute, but as to such right the Court of Appeals has definitely spoken.

In *Matter of Co-operative Law Co.* (198 N. Y. 479, 483) the Court of Appeals, Judge VANN, speaking for the court, said:

" The practice of law is not a business open to all, but a personal right, limited to a few persons of good moral character, with special qualifications ascertained and certified after a long course of study, both general and professional, and a thorough examination by a State board appointed for the purpose. The right to practice law is in the nature of a franchise from the State conferred only for merit. It cannot be assigned or inherited * * *. No one can practice law unless he has taken an oath of office * * *.

" There would be no remedy by attachment or disbarment to protect the public from imposition or fraud, no stimulus to good con-

duct from the traditions of an ancient and honorable profession, and no guide except the sordid purpose to earn money for stockholders."

In this connection Mr. Justice HALLINAN, in the *Mortgage Commission* case (*supra*), states: " Were it possible for corporations to prosecute or defend actions in person, through their own officers, men unfit by character and training, men whose credo is that the end justifies the means, disbarred lawyers or lawyers of other jurisdictions would soon create opportunities for themselves as officers of certain classes of corporations and then freely appear in our courts as a matter of pure business not subject to the ethics of our profession or the supervision of our bar associations and the discipline of our courts."

A contrary opinion in the same Department was rendered by Mr. Justice BROWER, sitting at Special Term in Kings county, in the case of *Sellent-Repent Corp.* v. *Queens Borough Gas & Electric Co.* (160 Misc. 920, Oct. 1936), holding that a corporation may appear in person to prosecute or defend an action. In that case the complaint was " subscribed in its corporate name as appearing in person," and the learned justice added these significant words: " When a corporation does not go outside its own corporate machinery in the performance of a corporate act, it is acting in person and upon an equal footing with a natural person."

In the instant case the precept is verified by one who is admittedly not an officer of the corporation, but a real estate agent in charge of the premises, and he undertook to " try " the case for the corporate landlord when it was called.

In other jurisdictions the courts have held that a corporation may not practice law through its representatives or agents, but must be represented by an attorney duly admitted to practice in the State.

In *Mullin-Johnson Co.* v. *Penn Mutual Life Insurance Co.* ([D. C.] 9 Fed. Supp. 175), a California case, the court holds: " a corporation cannot practice law, and can only act through the agency of natural persons * * *. It can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear in *propria persona*. A judgment rendered in such a proceeding is void. ' (*Bennie* v. *Triangle Ranch Co.*, 73 Colo. 586; 216 P. 718; *Nightingale* v. *Oregon Central R. Co.*, [C. C. Or. 1873] 18 Fed. Cas. p. 239, No. 10,264; 28 U. S. C. A. § 394; *Nixon, Ellison & Co.* v. *Southwestern Ins. Co. of Cairo*, 47 Ill. 444; *Nispel* v. *Western Union R. R. Co.*, 64 id. 311; *Culpeper National Bank, Inc.*, v. *Tidewater*

*Imp. Co.*, 119 Va. 73; 89 S. E. 118; *Union Pacific R. Co.* v. *Horney*, 5 Kan. 340; *Cobb* v. *Judge of Superior Court*, 43 Misc. 289; 5 N. W. 309; *Clark* v. *Austin* [*Clark* v. *Coon*], 340 Mo. ——; 101 S. W. [2d] 977, 982, a Supreme Court of Missouri case, decided Feb. 8, 1937.)

In the Missouri case last cited, which is a decision by the highest court of the State, wherein Coon, an agent for a railroad corporation, appeared in court, it was held: " A corporation is not a natural person. It is an artificial entity created by law. Being an artificial entity it cannot appear or act in person. It must act in all its affairs through agents or representatives. In legal matters, it must act, if at all, through licensed attorneys."

The ruling of Mr. Justice HALLINAN, fortified by the authorities from this as well as other States, is appealing. I accordingly hold that section 236 of the Civil Practice Act does not give corporations, either domestic or foreign, the right to appear in person as a natural person may do. It is appropriate and timely that corporate landlords be informed that the practice of allowing their real estate agents to appear for and prosecute their summary proceedings should cease. I believe that an enforcement of this rule in our courts will make for the better administration of justice and a greater regularity of practice, which up to date has been the subject of justifiable criticism.

I accordingly grant the motion of the tenant to dismiss the proceeding.

Proceeding dismissed.