10TH ST. AND 5TH, INC., Landlord, *v.* JOSEPH NAUGHTON, Tenant.

Municipal Court of New York, Borough of Manhattan, First District, June 15, 1937.

*Jasie & Jasie*, for the landlord.

*Elias Low*, for the tenant.

TONEY, J. This is a summary proceeding for the possession of real property, for the failure to pay rent due the landlord, a corporation.

The landlord, through its agent, Jacob Candell, executed and verified a petition, bearing date May 1, 1937, asking for a final order awarding possession of the premises designated in the said petition to the landlord, for the failure of the tenant to pay the rent stipulated in an agreement in writing, for the months of April and May, 1937.

The tenant appeared herein and interposed an answer consisting of a general denial, partial constructive eviction and a counterclaim for $250, but admitted upon the trial the essential facts to make out a *prima facie* case for the landlord and offered proof of the facts which he claims constitute partial constructive eviction.

From the nature of the issue joined and of the testimony given on behalf of the tenant and proofs offered in rebuttal thereof by the landlord, I feel constrained to resolve the questions of law and fact with respect to the alleged partial constructive eviction in favor of the landlord.

At the close of the trial the attorney for the tenant moved to dismiss the petition, among other things, upon the ground that the court had not acquired jurisdiction in that the proceeding was started by a petition, made and verified by the agent for the corporation and that it did not appear that at the time of the issuance of the precept herein that the landlord appeared by an attorney duly licensed to practice law in this State; that the landlord in this proceeding, a corporation, was attempting to practice law through its agent without his having been duly licensed so to do and, for that reason, the court acquired no jurisdiction in the proceeding and asked that the proceeding be dismissed. I agree with the proposition that a corporation as such may not institute, prosecute or defend any cause in our courts whatsoever, by its

officers or agents, unless such officers or agents are attorneys and counselors at law duly licensed to practice in this State. (*Mortgage Commission of the State of New York*, v. *Great Neck Improvement Co.*, 162 Misc. 416; *Matter of Co-operative Law Co.*, 198 N. Y. 479.)

Subdivision 6 of section 1414 of the Civil Practice Act authorizes such a proceeding as this to be brought upon the application of the agent of the landlord. By long-established practice in this court, this kind of proceeding is instituted by the use of printed forms of precept and petition with blank spaces filled in to conform to the facts in the particular case, which is then signed and verified in most cases by an agent of the landlord. In the event that an answer is interposed and issue joined, the agent of the landlord appears in court in most cases and testifies to the facts alleged in the petition. This is true whether the landlord happens to be a corporation or a natural person. In most cases the issues thus joined are very simple and are easily determined by the court where the facts are testified to by the agent of the landlord and the tenant appearing in person. When it happens that the answer interposed by the tenant raises serious questions of. fact or law both parties generally appear by duly licensed practitioners of the law. Now, the agent of the natural person landlord appears alone and testifies in this court to the necessary facts alleged in the petition in these proceedings without the landlord's appearing in person, but in almost every case such agent is not a duly licensed attorney. If this court is to be committed to the strict technical proposition that an agent for a corporation landlord may not appear without an attorney and give evidence as to the facts alleged in the petition in these proceedings, it would follow that the natural person landlord must either appear in person or by a duly licensed attorney also. From the time of the establishment of this court to the present time such technical objection to the institution of these particular proceedings and the determination of the issues raised therein has rarely been advocated, and, so far as the records show, never sustained, except in the recent case in this court of *Finox Realty Corporation* v. *Lippman* (163 Misc. 870). To enforce such requirement, in my opinion, places an unnecessary burden upon landlords, both corporation and natural person. I have been unable to observe any evil results from allowing the agents of landlords to appear and testify in such proceedings to facts within their personal knowledge. Such agents rarely, if ever, attempt to cross-examine witnesses and limit their participation in the trial to their own testimony and, perhaps, calling the court's attention to some witness in behalf of the landlord, whose attendance they have procured, such as the superintendent of the premises in question,

who demanded the rent of the tenant, proof of which is necessary to make out a *prima facie* case. This I do not regard as practicing law within the broad meaning of our laws.

The petition in this proceeding, duly verified by an agent of the landlord corporation, was accepted and filed by the clerk of this court and the precept was thereupon duly issued herein. Thereafter a copy thereof was duly served on the tenant, together with a copy of the petition. The tenant after such service duly appeared and interposed his answer and proceeded with the trial of the case upon the merits. The process was issued by the clerk of the court and service thereof was made upon the tenant by a person other than the agent of the landlord who verified the petition. I am of the opinion that the precept issued and served in the manner above stated gives the court plenary jurisdiction in the premises and that the proceeding up to that point is regular and valid, although it does not appear that the petition itself was presented to the clerk by a duly licensed attorney and the precept issued upon his request, nor that the name of such attorney was indorsed upon these papers. If it be the fact that the precept was issued to the agent who verified the petition and he caused service to be effected upon the tenant that fact would not affect the validity of the proceeding itself since a duly authorized officer of the court issued the precept. Had the agent appeared in court upon the trial of the proceeding and attempted to present the evidence on behalf of the landlord and act in the capacity of an attorney for the corporation landlord, it would be within the province of the court to prevent him from doing so, either by dismissing the proceeding, under proper circumstances, or requiring the landlord to appear by, and present his proof by, a duly licensed attorney. Since the proceeding herein was duly instituted and the landlord appeared at the trial by an attorney duly licensed to practice in this State and due proof having been offered of the allegations of the petition and the issue raised by the answer herein having been resolved in favor of the landlord it follows that a final order must be granted the landlord awarding it possession of the premises for the failure of the tenant to pay the rent set forth in the petition and for judgment in the sum of $250, with interest.