[Civ. No. 16569.   Second Dist., Div. Two.   July 26, 1948.]

PHIL H. PARADISE et al., Respondents, v. GENEVIEVE R. NOWLIN et al., Defendants; FEDERATED INCOME PROPERTIES (a Corporation), Appellant.

Federated Income Properties, Inc., in pro. per., for Appellant.

Snyder & Fletcher for Respondents.

WILSON, J.— ▉ Plaintiffs-respondents have moved to dismiss the appeal of defendant-appellant Federated Income Properties, Incorporated, a corporation, on the ground that appellant failed to pay the filing fee within 20 days after being notified by the clerk of the Supreme Court to pay the same. (See Rules on Appeal, rule 10(a), 22 Cal.2d 10.)

▉ The motion must be granted on the ground stated but there is another and more important reason for the dismissal of the appeal on the court's own motion, to wit, that the defendant corporation filed the notice of appeal in the superior court and its opposition to the dismissal in this court in propria persona. Such notice and opposition are void by reason of the corporation's lack of power to represent itself in an action in court. Defendant was represented by an attorney at the trial but his services apparently terminated with the entry of judgment in favor of plaintiffs.

A composite of the rule in the decided cases, overwhelmingly sustained by the authorities, may be thus stated: A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona. (*Bennie* v. *Triangle Ranch Co.*, 73 Colo. 586 [216 P. 718]; *Mortgage Comm.* v. *Great Neck Imp. Co.*, 162 Misc. 416 [295 N.Y.S. 107, 112]; *Aberdeen Bindery* v. *Eastern States etc. Co.*, 166 Misc. 904 [3 N.Y.S.2d 419, 423]; *Finox Realty Corp.* v. *Lippman*, 163 Misc. 870 [296 N.Y.S. 945, 949]; *J. T. Whalen, Inc.* v. *Pritzert*, 167 Misc. 471 [3

N.Y.S.2d 418] ; *Nispel* v. *Western Union R. R. Co.*, 64 Ill. 311, 314; *Nixon, Ellison & Co.* v. *Southwestern Ins. Co.*, 47 Ill. 444, 446; *Kankakee Drainage Dist.* v. *Commissioners*, 29 Ill. App. 86, 87; *State Bank* v. *Bell*, 5 Blackf. (Ind.) 127; *Culpeper Natl. Bank* v. *Tidewater Imp. Co.*, 119 Va. 73 [89 S.E. 118, 120] ; *Clark* v. *Austin*, 340 Mo. 467 [101 S.W.2d 977, 982] ; *New Jersey Photo Eng. Co.* v. *Carl Schonert & Sons*, 95 N.J.Eq. 12 [122 A. 307] ; *Black & White Operating Co.* v. *Grosbart*, 107 N.J.L. 63 [151 A. 630, 633] ; *State* v. *Passaic Co. Agr. Soc.*, 54 N.J.L. 260 [23 A. 680]. See also *Union Pacific Ry. Co.* v. *Horney*, 5 Kan. 340, 347; *Cary & Co.* v. *F. E. Satterlee & Co.*, 166 Minn. 507 [208 N.W. 408, 409] ; *arguendo, Osborn* v. *Bank of United States*, 9 Wheat. (22 U.S.) 738, 830 [6 L.Ed. 204, 226].)   .

The federal courts have held that the provisions in the statute that "the parties may plead and manage their own cases" or by attorney ([Rev. Stats. § 747], 28 U.S.C.A. § 394) does not authorize a corporation to plead and manage its case personally or through an agent who is not an attorney of the court. (*Mullin-Johnson Co.* v. *Penn. Mut. Life Ins. Co.* (D.C. Cal. 9 Fed.Supp. 175; *Brandstein* v. *White Lamps, Inc.* (D.C.N.Y.) 20 Fed.Supp. 369.)

The two cases that have come to our attention which express a different view are *A. Victor & Co.* v. *Sleininger*, 255 App. Div. 673 [9 N.Y.S.2d 323], and *Sellent-Repent Corp.* v. *Queens Borough Gas & El. Co.*, 160 Misc. 920 [290 N.Y.S. 887]. These cases are against the weight of authority and are contrary to the New York decisions above cited. The Victor case advances the curious argument that a corporation should be permitted to appear *in propria persona* because (1) it might be too impoverished to employ a lawyer and (2) it might have a large claim it believed to be just but could find no lawyer who would accept employment, believing the case to be hopeless. In the Sellent-Repent case a corporation was permitted to appear in person, the court stating that the act of its officer in appearing for it was an act of the corporation. The later New York cases have negated this concept.

The case of *Prudential Insurance Co.* v. *Small Claims Court*, 76 Cal.App.2d 379 [173 P.2d 38, 167 A.L.R. 820], contains nothing contrary to what has been said in this opinion. Several of the cases above cited are mentioned with the comment that they deal with courts of record and with the general common-law principles that in the absence of statutory authority a cor-

poration cannot practice law even in its own behalf. The decision holds that by reason of the provisions of the Code of Civil Procedure, to which reference is made, a corporation may appear in person in the small claims court.

Appeal dismissed.

Moore, P. J., and McComb, J., concurred.