160 So.2d 804 (1964)
Earl ANDRUS, d/b/a Bureau of Credit Control, Bunkie Branch, Plaintiff-Appellee,
v.
Horace H. GUILLOT, d/b/a Acme Plumbing and Heating Service, Defendant-Appellant.
No. 1048.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1964.
Ben C. Bennett, Jr., Marksville, for defendant-appellant.
Maxwell J. Bordelon, Marksville, for plaintiff-appellee.
Before TATE, SAVOY and HOOD, JJ.
SAVOY, Judge.
Defendant has appealed to this Court from a money judgment rendered against him in favor of plaintiff.
The facts in the instant case reveal that defendant was engaged in the plumbing business. In the course of his business he performed services and sold material on an open account to R. H. Rehberg. Rehberg failed to pay said indebtedness, and defendant contracted with plaintiff, who was engaged in the business of collecting retail accounts and other claims, and for which services he charged a fee based on the amount collected. Plaintiff's fee was to be 331/3 per cent if the account was collected without having to refer the matter to an attorney. If the matter was referred to an attorney, the fee would be 50 per cent of the amount collected. Subsequent to the employment of plaintiff to collect the account, the debtor made payments directly to the defendant in the sum of $37.00 during a period of 18 months. Defendant asked that the account be returned to him, but this request was refused by plaintiff. Sometime later, the balance of the account was collected directly by defendant through one C. O. Brown, an attorney. The account was settled for a lesser amount than was owing to defendant.
The instant suit followed; plaintiff demanding his 1/3 commission on said account. After a trial on the merits, the trial judge granted judgment in favor of plaintiff and against defendant, as prayed for. Defendant then hired counsel who filed a motion for a new trial in the City Court. This motion was granted. Defendant then filed an exception of no cause and an exception of no right of action to plaintiff's suit. The *805 trial judge overruled the exceptions and reinstated his original judgment. This appeal followed.
Counsel for defendant, in his brief filed in this Court and on oral argument, takes the position that plaintiff, not being a lawyer, cannot recover the judgment in the instant case, and that the contract entered into between the parties cannot be enforced.
The practice of law is defined in LSA-R.S. 37:212, as follows:
"(1) In a representative capacity, the appearance as an advocate, or the drawing of papers, pleadings or documents, or the performance of any act, in connection with proceedings, pending or prospective, before any court of record in this state; or
"(2) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect,
"(a) the advising or counseling of another as to secular law, or
"(b) in behalf of another, the drawing or procuring, or the assisting in the drawing or procuring of a paper, document, or instrument affecting or relating to secular rights, or
"(c) the doing of any act, in behalf of another, tending to obtain or secure for the other the prevention or the redress of a wrong or the enforcement or establishment of a right.
"Nothing in this Section prohibits any person from attending to and caring for his own business, claims, or demands; nor from preparing abstracts of title, or certifying, guaranteeing, or insuring titles to property, movable or immovable, or an interest therein, or a privilege and encumbrance thereon; or from performing, as a notary public, any act necessary or incidental to the exercise of the powers and functions of the office of notary public."
Plaintiff testified that he would send out notices for collection on any accounts assigned to him for that purpose; and if he were unsuccessful in collecting said account or accounts, he would place them in the hands of his attorney for the purpose of filing suit against the debtor. Out of any proceeds collected as a result of the suit, plaintiff would receive 25 per cent, his attorney 25 per cent, and the creditor 50 per cent.
In the case of Meunier v. Bernich (La. App., Orl., 1936), 170 So. 567, the court held that an adjuster could not recover a 25 per cent interest in a wrongful death claim which had been assigned to him by the defendants in consideration of the adjuster's agreement to investigate, prepare for a suit, and attempt to negotiate a compromise settlement of the claim against a railroad company for the death of defendants' child. After settlement negotiations by the adjuster were fruitless, the case was turned over to an attorney and was prosecuted to a successful conclusion. In a subsequent suit against the assignors, the court concluded that the written assignment to the adjuster of the proportionate interest in the claim was illegal and against public policy because it called for the plaintiff to perform services that only an attorney at law was entitled to render, and the adjuster was not qualified as a member of the Bar of this State.
In its decision, the court said that while investigation did not constitute the practice of law, the plaintiff did more than mere investigative work. "He undertook, by contract, to enforce, secure, settle, adjust, or compromise whatever claim the Bernichs had arising out of the fatal accident." (Page 572 of 170 So.) In doing this, examining the facts of the case, advising the defendants regarding liability, and making a demand on the railroad company, he was practicing law.
Except possibly as to the extent of the advice to be given the client, and the fact that the Meunier case, supra, involved an *806 assignment of an interest in a tort claim instead of a contract, we can see little distinction between the services that were held to be illegal in the Meunier case, supra, and those rendered by the plaintiff in the instant case.
In view of the decision in the Meunier case, supra, and LSA-R.S. 37:212 et seq., we are of the opinion that the contractual rights which plaintiff seeks to enforce in the instant case are illegal and against public policy because the consideration therefore calls for plaintiff to engage in the practice of law, which he is not qualified to do under the laws of this State.
This is the first collection agency case to reach our appellate courts, requiring an interpretation of the statute on the "Unauthorized Practice of Law". LSA-R.S. 37:211-218. While we think that in this case there was clearly a violation of the statute, we wish to make it clear we do not intend to "outlaw" all collection agencies. If legally operated, they serve a most useful purpose. We think the following statement of law, found in 7 Am.Jur.2d 99, Verbo "Attorneys at Law", Section 80, is applicable under a statute such as ours:
"It appears that an agent may make a peaceful collection or a friendly adjustment of a bill without engaging in the practice of law. However, the collector infringes on the field reserved to the legal profession when he undertakes to give legal advice, or to threaten debtors with legal proceedings, or to represent the creditor in court, either directly or through an attorney engaged by the collector." (See annotations in 84 A.L.R. 750; 157 A.L.R. 522; 111 A.L.R. 39; 125 A.L.R. 1180; and 151 A.L.R. 794.)
For the reasons assigned, the judgment of the City Court is reversed, and judgment is hereby rendered in favor of defendant, Horace H. Guillot, d/b/a Acme Plumbing and Heating Service, and against plaintiff, Earl Andrus, d/b/a Bureau of Credit Control, Bunkie Branch, maintaining the exception of no cause of action, rejecting plaintiff's demands, and dismissing his suit at his costs.
Reversed and rendered.