THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS H. SANTAELLA, Defendant and Appellant.

No. CE-64-3.     Decided November 16, 1964.

*Benjamín Ortiz* for petitioner. *J. B. Fernández Badillo, Solicitor General, Rodolfo Cruz Contreras, Acting Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, pro tempore, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Section 7 of Act No. 17 of June 10, 1939, 4 L.P.R.A. § 740, provides that a person not a lawyer authorized by the Supreme Court of Puerto Rico, who engages in the practice of law, advertises as such, or acts as a judicial agent, except in regard to his own affairs, in any judicial or quasi-judicial matter before any court of law, shall be guilty of a misdemeanor.[1]

---

[1] The Act of January 31, 1901 (Rev. Stat. 1902, § 39), on the admission of attorneys to practice the profession, merely provided that no person not previously admitted as an attorney shall be permitted to practice as an attorney before the courts of the Island, but it did not impose any penal sanction for the violation of the provision.

The Act of March 8, 1906 (Sess. Laws, p. 31), which repealed the former Act, provided in § 8 that any person practicing the profession of law without having been duly admitted by the Supreme Court of Puerto Rico shall be guilty of contempt of the court before which he shall have appeared as such attorney, and shall be punished as provided by the laws governing contempt.

Identical wording was retained upon enacting Act No. 38 of April 13,

Sixty-two complaints were filed against appellant Luis H. Santaella charging him with a violation of the aforementioned section, all of which were identically worded, with the exception of certain references to the date of the commission of the facts and the number and title of certain civil records. In the pertinent part they read that "the said defendant, Luis H. Santaella, on or about one of the days of the month of . . . 1960 . . . violated the provisions of § 740 of Title 4 of the Laws of Puerto Rico Annotated, consisting in that without being a lawyer authorized by the Supreme Court of Puerto Rico to practice the profession of law he acted in a judicial matter which was not his own affair, in preparing, signing, and filing in the District Court of Puerto Rico, San Juan Part, the complaint entitled 'Metro Finance Co., Inc., Plaintiff v. . . ., Defendant,' which corresponds to civil case No. 60 . . . on Collection of Money, and in which the said defendant, Luis H. Santaella, appeared on behalf of plaintiff, which is a corporation duly organized and authorized to do business in Puerto Rico in accordance with the laws in force, all of which he did knowing that he was not an attorney nor authorized to practice the said profession."

At the hearing of the case it was admitted that Santaella had not been authorized to practice the office of attorney in Puerto Rico, and it was stipulated that if witness Aida Margarita Zayas Pizarro should testify she would say that she was the defendant's secretary and that each and every one of the complaints were prepared in his office. Although the extent of the latter activity was not explained, it may be inferred that it consisted in filling certain blanks in the text of certain stencilled complaints relative to the identity

1916 (Sess. Laws, p. 89), which repealed the Act of 1906. Act No. 26 of April 28, 1930 (Sess. Laws, p. 412), amended § 8 of the Act of 1916, the text of which corresponds to that of the Act in force.

and address of defendant debtor, the date, the amount, and terms of the loan and the circumstances of nonperformance.

The District Court found the defendant guilty and imposed a fine of $25 in each case. The Superior Court affirmed. An examination of the record discloses that the parties considered that what was involved was some bare questions of law. But let us see.

An examination of the civil records which gave rise to the criminal actions shows that the complaints for collection of money were brought by Metro Finance Co., Inc.[2] "in its own right," according to the recital, and that in the first paragraph it was alleged that plaintiff is a domestic corporation "represented in this act by its President, Luis H. Santaella . . ., who is duly authorized for this act, whose capacity and powers he will establish wherever and whenever it may be necessary." After setting forth the history of the constitution, subsistence, and enforceability of the debt, it ends by praying that defendant be ordered to pay to the corporation the sum claimed, interest, and any other amount for costs and expenses which plaintiff may be obligated to incur in the judicial action for collection. It is signed "Metro Finance Co., Inc., Luis H. Santaella, President."

Other facts which should be considered for the purpose of determining whether appellant was criminally liable are the following:

1. Subsequent to the signing of the complaints in his capacity of President of plaintiff corporation, it does not appear from the records that Santaella signed any other pleading or motion, nor that he appeared personally in any judicial matter. In 38 of the cases in which judgment was entered sustaining the complaint, it was set forth in the

---

[2] The corporation Metro Finance Co., Inc., was organized on December 3, 1958 and registered on the same date in the State Department. The nature of its business, according to the articles of incorporation subscribed before Notary Agustín Pérez Rodríguez, was to engage in "loans of all kinds and financing."

judgment that the case having been called for trial, plaintiff appeared *"represented by its attorney of record,"* who offered evidence in support of the averments. In all of these cases the notice of the judgment was addressed to Mr. Agustín Pérez Rodríguez at his post-office address, Box 936, San Juan, as attorney for plaintiff. In 20 cases the court entered, pursuant to the Rules of Administration, an order directed to plaintiff granting a term of 10 days to show cause why dismissal for lack of jurisdiction was not proper, and, upon failure to show cause, it entered the corresponding judgment of dismissal. Both the order and the judgment of dismissal were served on Mr. Agustín Pérez Rodríguez at the stated post-office address, as attorney for plaintiff. Judgment of dismissal was rendered in one of the cases upon motion to that effect signed by said attorney, and in another the dismissal was entered in open court.[3] In the other two actions, judgment dismissing the action was entered in one of them for nonappearance of plaintiff, and in the other no final disposition has been made.

2. In addition to the fees prescribed by law, the $1 Bar Association stamp required by § 11 of Act No. 43 of May 14, 1932, 4 L.P.R.A. § 783, was cancelled on the complaints filed in all cases, with the exception of civil action No. 68-3082.

3. Certain annotations appear at the bottom on the left-hand side of the sheets of the complaint: In 33 cases it reads: "Box 936, San Juan, P.R.," which is the post-office address of the attorney, Agustín Pérez Rodríguez;[4] in 9

---

[3] From the annotation appearing on the cover of the record we may determine that the hearing was held on February 12, 1960, on which date other hearings were held in which the corporation was represented by that attorney. It is reasonable to conclude that the verbal dismissal was requested by Mr. Pérez Rodríguez.

[4] With two or three exceptions, in the summons issued in these cases it was set forth that defendant could address Mr. Agustín Pérez Rodríguez at the stated post-office address.

cases, in addition to that annotation, the signature of the said attorney appears over the annotation; in 8 cases, it is stated: "Address all correspondence to Mr. Agustín Pérez Rodríguez," together with his signature; in 4 cases, it is stated that the correspondence be addressed to "Mr. Agustín Pérez Rodríguez, Box 936, San Juan, P.R."; in one case the attorney's signature appears over this annotation; and the signature of Mr. Pérez appears in 6 cases, but no address is given. It should be noted that the signature of an authorized attorney appears in 24 cases, and in the remaining cases it is stated that any "correspondence" should be addressed to him or to his post-office address.

4. The orders[5] or summons issued contained certain annotations at the bottom. In 36 cases it read: "Address correspondence to Mr. Agustín Pérez Rodríguez, Box 936, San Juan, P.R."; in 11, reference was made only to the stated post-office address; in 8, no reference was made to remittance of the pleadings; and in the remaining 7, no summons was issued.

5. In 11 cases, and as a procedure subsequent to the judgment, there appear motions of effectiveness signed by Mr. Agustín Pérez Rodríguez as attorney for plaintiff.

6. The appearance of defendant was entered in only 3 cases. In case No. 60-58 both the answer and a motion to set aside the judgment were served on Mr. Pérez; in No. 60-468, the appearance of defendant's wife was served in the same manner; and in No. 60-3082 the clerk served on Mr. Pérez the order of the court on a motion to dismiss filed by defendant.

7. Although of less significance, in 27 cases—most of which were typewritten—Pérez' name appears on the front cover as attorney for plaintiff.

---

[5] Some of the cases were prosecuted pursuant to the provisions of Rule 60 of the Rules of Civil Procedure of 1958 because they involved claims not exceeding $100.

In the present petition for certiorari appellant contends that both courts erred. He alleges that in signing the complaint as President of Metro Finance Co., Inc., he was not acting as attorney and that, in any event, this action is comprised in the exception of acting in regard to one's own affairs to which the section allegedly violated refers.

■ The statutes punishing the unauthorized practice of the profession are justified as an exercise of the State's police power to protect the public against unqualified or unskilled persons, but not as a means of eliminating competition in the legal profession. The bibliography on the matter is abundant,[6] particularly on the power of a corporation

---

[6] For those interested in exploring this interesting aspect of the Law, see § 1 of Act No. 17 of June 10, 1939, 4 L.P.R.A. § 721; Rule 8 of the Rules of the Supreme Court of Puerto Rico; Rules 69 and 243(c) of the Rules of Criminal Procedure of 1963; *Flora Construction Co.* v. *Fireman's Fund Insurance Co.*, 307 F.2d 413 (10th Cir. 1962); *Heiskell* v. *Mozie*, 82 F.2d 861 (D.C. Cir. 1936); *American Sand & Gravel, Inc.* v. *Clark & Fray Const. Co.*, 198 A.2d 68 (Conn. 1963); *State Bar Ass'n of Conn.* v. *Connecticut Bank & T. Co.*, 140 A.2d 863 (Conn. 1958); *State Bar Ass'n* v. *Connecticut Bank & Trust Co.*, 131 A.2d 646 (Conn. 1957); *Bay County Bar Association* v. *Finance Systems*, 76 N.W.2d 23 (Mich. 1956); *Tuttle* v. *Hi-Land Dairyman's Association*, 350 P.2d 616 (Utah 1960); *Paradise* v. *Nowlin*, 195 P.2d 867 (Cal. 1948); *West Virginia State Bar* v. *Earley*, 109 S.E.2d 420 (W. Va. 1959); *Andrus* v. *Guillot*, 160 So.2d 804 (La. 1964); *State* v. *Brown*, 180 N.E.2d 157 (Ohio 1962); *Ashley-Cooper Sales Services* v. *Brentwood Mfg. Co.*, 168 F.Supp. 742 (Md. 1958); *A. Victor & Co.* v. *Sleininger*, 9 N.Y.S.2d 323 (1939); *Sellent-Repent Corp.* v. *Queens Borough G., etc., Co.*, 290 N.Y. Supp. 887 (1936).

We especially recommend the reading of the opinion delivered by the Supreme Court of Arizona in *State Bar of Arizona* v. *Arizona Land Title & Trust Co.*, 366 P.2d 1 (1961).

In the consultation of the cases cited special care should be taken with the wording of the statute or court rule involved in each case.

See, also, the following annotations: *Title examination activities by lending institution, insurance company, or title and abstract company, as illegal practice of law*, 85 A.L.R.2d 184 (1962); *Right of corporation to perform or to hold itself out as ready to perform functions in the nature of legal services*, 157 A.L.R. 282 (1945); *What amounts to practice of law*, 151 A.L.R. 781 (1944), 125 A.L.R. 1173 (1940).

Lastly, articles in 35 U. Colo. L. Rev. 281 (1963), 36 Temp. L.Q. 334 (1963); 13 W. Res. L. Rev. 788 (1963); 27 U.P. News 217 (1961);

to appear before the courts in its own right,[7] the extent of the acts which it may perform, if admissible, particularly in the case of an exercise incidental to the accomplishment of the principal corporate purposes, the responsibility of a natural person who appears in a representative capacity by reason of the office which he holds in the corporation, and others no less interesting.

But truly, in view of the facts as stated above, we need not advance any criterion on any of these aspects of the practice of the profession. An examination of the evidence convinces us that, under all the concurring circumstances, Santaella's specific action did not constitute practice of the profession. His signature on the complaints as President of plaintiff corporation[8] is superfluous, if we consider that that party was always represented by Mr. Agustín Pérez Rodríguez, either through his personal act of signing some of the complaints, or referring to his person or to his address for further handling of the claim, or appearing in its name to present the evidence and obtain judgment, seeking also on some occasions the effectiveness of the judgment rendered, and receiving the notice in the event of dismissal for want of prosecution. If we add to this that the Bar Association stamp was affixed and cancelled—which would

---

13 Vand. L. Rev. 574 (1960); 38 Texas L. Rev. 627 (1960); 72 Harv. L. Rev. 1334 (1959); 45 Cornell L.Q. 126 (1959); 107 U. Pa. L. Rev. 398 (1959); 32 So. Cal. L. Rev. 425 (1959); 43 Minn. L. Rev. 827 (1959); 44 Va. L. Rev. 263 (1958); 18 Md. L. Rev. 358 (1958).

[7] It should be distinguished from the problem on the capacity of a corporation to practice the profession through attorneys engaged for that purpose. The doctrine is overwhelmingly against it in that the relationship of confidence which ought to exist between attorney and client would thereby be destroyed and raise a conflict of loyalty for the attorney. *Cf. Rasa Engineering Corporation* v. *Daubón*, 86 P.R.R. 182 (1962).

[8] There is no question that, independently of any complaint which may be filed against the corporation, it could be filed against Santaella, § 1 of Act No. 50 of May 7, 1937, 34 L.P.R.A. § 1661. Whether the complaints filed in these cases alleged facts constituting an offense in the light of the holding in *People* v. *Rojo*, 66 P.R.R. 867 (1947), *quaere*.

not have been necessary if Santaella had acted for himself or for the corporation—it is easy to conclude that plaintiff was represented by Mr. Pérez Rodríguez.

The judgment rendered by the Superior Court, San Juan Part, will be reversed and appellant acquitted in all the cases.

