SAVOY, Judge.
In the instant case plaintiff acquired by assignment and sale two accounts, one due St. Frances Cabrini Hospital in the sum of $54.00, and one due Dr. R. B. Wallace in the sum of $231.00, by defendant, Phillip Martinez. After acquiring these accounts plaintiff filed suit in the City Court of Alexandria, Louisiana, for a money judgment against defendant, Phillip Martinez, for the total sum of both accounts. Service was made on defendant. He failed to appear and judgment was rendered as prayed for in plaintiff’s petition. Defendant was granted a devolutive appeal to this Court.
In brief before this Court counsel for appellant contends that -plaintiff -is a collection agency, and that the judgment granted plaintiff against his client is null, being in violation of LSA-R.S. 37:211 et seq., and the case of Andrus v. Guillot, 160 So.2d 804, decided by this Court in 1964.
We are of the opinion that the instant case is distinguishable from the Andrus case, supra, in that in that case plaintiff was a collection agency who entered into a contract with defendant to collect an account owing to defendant. Plaintiff was to collect a fee of 33%% if the account was collected without having to refer the matter to an attorney, and 50% if the matter was referred to an attorney for collection. Subsequent to the employment of plaintiff to collect the account, the debtor made payments direct to the defendant. The account was settled for a lesser amount than was owing to defendant. Plaintiff made a demand on defendant demanding to collect his one-third commission on said account. Defendant resisted said claim. After a trial on the merits judgment was rendered in favor of plaintiff. On appeal we reversed, *161 holding that under the provisions of LSA-R.S. 37:212 plaintiff was actually engaged in the practice of law contrary to said statute, and we denied recovery therein.
In the instant case there is no showing that plaintiff was collecting said account for the hospital or for the doctor named above. The documents in the record simply show that the hospital and the doctor sold and assigned their interests in said account to plaintiff for a cash consideration. We see nothing illegal in this, nor is there any violation of LSA-R.S. 37:212.
For the reasons assigned the judgment of the City Court is affirmed at appellant’s costs.
Affirmed.