EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* LUIS H. SANTAELLA, acusado y recurrente.

*Número:* CE-64-3        *Resuelto:* 16 de noviembre de 1964

*Benjamín Ortiz,* abogado del peticionario, *J. B. Fernández Badillo, Procurador General, Rodolfo Cruz Contreras, Procurador General Interino,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Blanco Lugo como Presidente Accidental de Sala y los Jueces Asociados Señores Dávila y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Dispone la Sec. 7 de la Ley Núm. 17 de 10 de junio de 1939, 4 L.P.R.A. sec. 740, que constituirá delito menos grave el que una persona que no sea abogado autorizado por la Corte Suprema de Puerto Rico se dedique al ejercicio de la profesión de abogado, se anuncie como tal, o gestione como agente judicial, con excepción de sus asuntos propios, algún asunto judicial o cuasi-judicial ante cualquier tribunal de justicia. ([1])

Contra el recurrente Luis H. Santaella se radicaron sesenta y dos denuncias en las cuales se le imputó la infracción de la sección mencionada precedentemente, redactadas todas con idéntico texto, con excepción de ciertas referencias a la fecha de la comisión de los hechos y al número y título de ciertos expedientes civiles. En la parte pertinente leen que "[e]l referido acusado Luis H. Santaella, en uno de los días del mes de . . . de 1960 . . . violó las disposiciones contenidas en la Sección 740 del Título 4 de las Leyes Anotadas de Puerto Rico, consistente en que sin ser abogado autorizado por la Corte Suprema de Puerto Rico para dedicarse al ejer-

---

([1]) La Ley de 31 de enero de 1901 (E.R. 1902, sec. 39), sobre la admisión de abogados al ejercicio de la profesión, se limitó a disponer que no se permitirá a ninguna persona que no hubiera sido admitida como abogado el ejercicio de la profesión ante los tribunales del país, pero no imponía sanción penal alguna por la violación del precepto.

La Ley de 8 de marzo de 1906 (Leyes, pág. 1), que derogó la anterior, disponía en su Sec. 8 que toda persona que se dedicara al ejercicio de la profesión de abogado sin haber sido admitida debidamente por la Corte Suprema de Puerto Rico incurriría en desacato al tribunal ante el cual hubiere comparecido en tal concepto y sería penado con arreglo a la legislación sobre desacato.

Idéntica redacción se mantuvo al aprobarse la Ley Núm. 38 de 13 de abril de 1916 (Leyes, pág. 92), que derogó la Ley de 1906. Mediante la Ley Núm. 56 de 28 de abril de 1930 (Leyes, pág. 413), se enmendó la Sec. 8 de la Ley de 1916, cuyo texto corresponde con el de la ley vigente.

cicio de la profesión de abogado gestionó un asunto judicial sin ser un asunto suyo propio, al preparar, firmar y radicar ante el Tribunal de Distrito de Puerto Rico, Sala de San Juan, la demanda intitulada: 'Metro Finance Co., Inc. demandante, vs. . . ., demandada,' que corresponde al caso civil número 60- . . . sobre Cobro de Dinero, y en la cual el referido acusado Luis H. Santaella compareció en representación de la demandante, quien [*sic*] es una corporación debidamente organizada y autorizada a hacer negocios en Puerto Rico de acuerdo con las leyes vigentes, todo ello a sabiendas de que no era abogado ni estaba autorizado para ejercer dicha profesión."

En el acto de la vista del caso se admitió que el señor Santaella no había sido autorizado a ejercer la profesión de abogado en Puerto Rico y se estipuló que de declarar la testigo Aida Margarita Zayas Pizarro diría que era la secretaria del acusado y que todas y cada una de las demandas fueron preparadas en su oficina. Aunque no se explicó el alcance de esta última actividad, puede colegirse que ello consistió en llenar ciertos blancos en el texto de unas demandas tiradas en estarcido relativos a la identidad y dirección del deudor demandado, la fecha, cantidad y condiciones en que se le facilitó el préstamo y las circunstancias de incumplimiento.

El Tribunal de Distrito declaró incurso al acusado y le impuso una multa de veinticinco dólares en cada caso. El Tribunal Superior confirmó. Un examen de los autos revela que las partes consideraron que lo que estaba envuelto eran unas escuetas cuestiones de derecho. Sin embargo, veamos.

Un examen de los expedientes civiles que dieron margen a las causas criminales revela que las demandas en cobro de dinero fueron instadas por Metro Finance Co., Inc. (²) "por

---

(²) La corporación Metro Finance Co., Inc. fue organizada en 3 de diciembre de 1958, y en la misma fecha se registró en la Secretaría de Estado. La naturaleza de sus negocios, según rezan las cláusulas de incorporación suscritas ante el Notario Agustín Pérez Rodríguez, era la de dedicarse a "préstamos de todas clases y financiamientos. . . ."

propio derecho," reza la comparecencia, y que en el párrafo primero se alegó que la parte demandante es una corporación doméstica, "representada en este acto por su Presidente, Sr. Luis H. Santaella . . . que está debidamente autorizado para este acto, cuyo carácter y facultades acreditará donde y cuando fuere necesario." Después de exponer los antecedentes sobre la constitución, subsistencia y exigibilidad de la deuda, termina solicitando se condene a la parte demandada a satisfacer a la corporación la suma reclamada, intereses y cualquier otra cantidad por concepto de costas y gastos en que la demandante se viere obligada a incurrir en su gestión judicial de cobro. La firma "Metro Finance Co., Inc. Luis H. Santaella, Presidente."

Otros hechos que deben considerarse a los fines de determinar si el recurrente incurrió en responsabilidad criminal son los siguientes:

1—Con posterioridad a la firma de las demandas en su carácter de Presidente de la corporación demandante, de los expedientes no surge que el señor Santaella firmara alguna otra alegación o moción ni que compareciera personalmente a realizar ninguna gestión judicial. En 38 de los casos en que se obtuvo sentencia declarándose con lugar la instancia, en la sentencia se hizo constar que llamado el asunto para juicio la parte demandante compareció *representada por su abogado de récord,*" quien ofreció prueba en apoyo de las alegaciones. En todos estos casos la notificación de sentencia se dirigió al Lic. Agustín Pérez Rodríguez, a su dirección postal de Apartado 936 de San Juan, como abogado de la demandante. En 20 casos el tribunal dictó, conforme a las Reglas de Administración, una orden dirigida a la parte demandante concediéndole un término de 10 días para mostrar causas por las cuales no procedía el archivo por falta de diligencia, y al no aducirse justificación alguna, dictó la correspondiente sentencia de archivo. Tanto la orden como la sentencia de archivo fueron notificadas al Lic. Agustín Pérez

Rodríguez, a la dirección postal indicada, como abogado de la parte demandante. En uno de los casos se dictó sentencia por desistimiento, previa moción al efecto suscrita por el abogado mencionado, y, en otro, el desistimiento tuvo lugar en corte abierta. (³) En los dos restantes pleitos, en uno se dictó sentencia desestimando la acción por incomparecencia de la parte demandante, y en el otro, ninguna disposición final ha recaído.

2—Al procederse a radicar las demandas, en todos los casos, con excepción del pleito civil Núm. 60-3082, en adición a los derechos prescritos por ley, se canceló el sello forense de un dólar requerido por el Art. 11 de la Ley Núm. 43 de 14 de mayo de 1932, 4 L.P.R.A. sec. 783.

3—En el extremo inferior izquierdo de los pliegos de demanda, aparecen ciertas anotaciones: en 33 casos dice: "Box 936, San Juan, P.R.", que resulta ser la dirección postal del abogado Agustín Pérez Rodríguez; (⁴) en 9 casos, en adición a esa anotación, aparece sobre la misma la firma del abogado mencionado; en 8 casos, se dice: "Diríjase toda correspondencia a Lcdo. Agustín Pérez Rodríguez," y aparece la firma de dicho letrado; en 4 casos, se dice que se dirija la correspondencia al "Lcdo. Agustín Pérez Rodríguez, Box 936, San Juan, P.R."; y en un caso aparece esta anotación y sobre la misma la firma del abogado; y en 6 casos aparece la firma del Lic. Pérez, pero no se indica dirección alguna. Adviértase que en 24 casos aparece la firma de un abogado autorizado, y en los restantes se señala que se le dirija a él cualquier "correspondencia", o a su dirección postal.

---

(³) Por la anotación en la cubierta del expediente podemos determinar que la vista tuvo lugar el día 12 de febrero de 1960, fecha en que se celebraron las de otros casos en los cuales la corporación fue representada por dicho abogado. Es razonable concluir que el desistimiento oral fue solicitado por el Lic. Pérez Rodríguez.

(⁴) Con dos o tres excepciones, en las órdenes de citación o emplazamientos expedidos en estos casos se hizo constar que el demandado podía dirigirse al Lic. Agustín Pérez Rodríguez a la dirección postal indicada.

4—Las órdenes([5]) o emplazamientos expedidos contenían ciertas anotaciones al calce. En 36 casos decía: "Diríjase al Lic. Agustín Pérez Rodríguez, Box 936, San Juan, P.R."; en 11, se hizo referencia únicamente a la dirección postal indicada; en 8, no contenía referencia para remitir las alegaciones; y en los restantes 7 no se expidió orden o emplazamiento.

5—En 11 casos, y como trámite posterior a la sentencia, aparecen mociones de aseguramiento suscritas por el Lic. Agustín Pérez Rodríguez como abogado de la parte demandante.

6—En solamente 3 casos se registró comparecencia por la parte demandada. En el Núm. 60-58 tanto la contestación como una moción para que se dejara sin efecto la sentencia fueron notificadas al Lic. Pérez; en el Núm. 60-468, la comparecencia de la esposa del demandado fue notificada en la misma forma; y en el Núm. 60-3082, la resolución del tribunal sobre una moción de desestimación radicada por el demandado fue notificada por la Secretaría al Lic. Pérez.

7—Aunque de menos signficación, en 27 casos—la mayor parte de ellos en forma mecanografiada—aparece el nombre del Lic. Pérez en la carátula del expediente como abogado de la demandante.

En el presente recurso de *certiorari*, el recurrente señala que ambos tribunales incurrieron en error. Apunta que al firmar la demanda como presidente de la Metro Finance Co., Inc. no estaba actuando como abogado, y, que, en todo caso, esta actuación se encuentra comprendida en la excepción de gestión de asuntos propios a que se refiere la sección supuestamente infringida.

Los estatutos que castigan el ejercicio no autorizado de la profesión se justifican como un ejercicio del poder de

---

([5]) Algunos de los casos se tramitaron bajo las disposiciones de la Regla 60 de las de Procedimiento Civil de 1958, por tratarse de reclamaciones de cien dólares o menos.

razón de estado (*police power*) para la protección del público de personas no cualificadas o no diestras, pero no como un medio para eliminar la competencia en la profesión legal. La bibliografía es profusa sobre el particular, (6) especialmente sobre la facultad de una corporación para comparecer ante los tribunales por derecho propio, (7) el alcance de las ges-

---

(6) Para los interesados en explorar este interesante aspecto del Derecho, véanse, Sec. 1 de la Ley Núm. 17 de 10 de junio de 1939, 4 L.P.R.A. sec. 721; la Regla 8 del Reglamento del Tribunal Supremo de Puerto Rico; las Reglas 69 y 243 (c) de las de Procedimiento Criminal de 1963; *Flora Construction Co.* v. *Fireman's Fund Insurance Co.*, 307 F.2d 413 (10th Cir. 1962); *Heiskell* v. *Mozie*, 82 F.2d 861 (D.C. Cir. 1936); *American Sand & Gravel, Inc.* v. *Clark & Fray Const. Co.*, 198 A.2d 68 (Conn. 1963); *State Bar Ass'n of Conn.* v. *Connecticut Bank & T. Co.*, 140 A.2d 863 (Conn. 1958); *State Bar Ass'n* v. *Connecticut Bank & Trust Co.*, 131 A.2d 646 (Conn. 1957); *Bay County Bar Association* v. *Finance Systems*, 76 N.W.2d 23 (Mich. 1956); *Tuttle* v. *Hi-Land Dairyman's Association*, 350 P.2d 616 (Utah 1960); *Paradise* v. *Nowlin*, 195 P.2d 867 (Cal. 1948); *West Virginia State Bar* v. *Earley*, 109 S.E.2d 420 (W. Va. 1959); *Andrus* v. *Guillot*, 160 So.2d 804 (La. 1964); *State* v. *Brown*, 180 N.E.2d 157 (Ohio 1962); *Ashley-Cooper Sales Services* v. *Brentwood Mfg. Co.*, 168 F.Supp. 742 (Md. 1958); *A. Victor & Co.* v. *Sleininger*, 9 N.Y.S.2d 323 (1939); *Sellent-Repent Corp.* v. *Queens Borough G., etc., Co.*, 290 N.Y.S. 887 (1936).

Recomendamos especialmente la lectura de la opinión emitida por la Corte Suprema de Arizona en *State Bar of Arizona* v. *Arizona Land Title & Trust Co.*, 366 P.2d 1 (1961).

En la consulta de los casos citados debe tenerse especial cuidado con la redacción del estatuto o regla del tribunal que está envuelto en cada uno.

Véanse, además, las siguientes anotaciones: *Title examination activities by lending institution, insurance company or title and abstract company, as illegal practice of law*, 85 A.L.R.2d 184 (1962); *Right of corporation to perform or to hold itself out as ready to perform functions in the nature of legal services*, 157 A.L.R. 282 (1945); *What amounts to practice of law*, 151 A.L.R. 781 (1944), 125 A.L.R. 1173 (1940).

Finalmente, artículos en 35 U. Colo. L. Rev. 281 (1963), 36 Temp. L.Q. 334 (1963); 13 W. Res. L. Rev. 788 (1963); 27 U.P. News 217 (1961); 13 Vand. L. Rev. 574 (1960); 38 Texas L. Rev. 627 (1960); 72 Harv. L. Rev. 1334 (1959); 45 Cornell L. Q. 126 (1959); 107 U. Pa. L. Rev. 398 (1959); 32 So. Cal. L. Rev. 425 (1959); 43 Minn. L. Rev. 827 (1959); 44 Va. L. Rev. 263 (1958); 18 Md. L. Rev. 358 (1958).

(7) Debe distinguirse del problema sobre la capacidad de una corporación para ejercer la profesión por medio de abogados empleados para tal fin. La doctrina se pronuncia en forma abrumadora en sentido negativo aduciendo que en esa forma se destruiría la relación de confianza que debe existir entre abogado y cliente y que plantearía un conflicto de lealtad para el abogado. Cf. *Rasa Eng. Corp.* v. *Daubón*, 86 D.P.R. 193 (1962).

tiones que puede realizar de ser ello admisible, especialmente cuando se trata de un ejercicio incidental a la realización de los fines corporativos principales, la responsabilidad de una persona natural que comparece en capacidad representativa por razón del cargo que ocupa en una corporación, y otros no menos interesantes.

■ Pero en verdad, en vista de los hechos según los hemos expuesto anteriormente, no tenemos que adelantar criterio sobre ninguno de estos aspectos de la práctica de la profesión. Un examen de la prueba nos convence de que, bajo todas las circunstancias concurrentes, la actuación específica del señor Santaella no constituyó un ejercicio de la profesión. Su firma en las demandas como Presidente de la corporación demandante [8] resulta superflua, cuando se considera que dicha parte siempre estuvo representada por el Lic. Agustín Pérez Rodríguez, bien mediante su acto personal de firmar algunas de las demandas, o refiriendo a su persona o a su dirección para el trámite ulterior de la reclamación, o compareciendo a su nombre para presentar la prueba y obtener sentencia, gestionando además en algunas ocasiones el aseguramiento de la dictada, y recibiendo la notificación en el caso de archivo por falta de diligencia. Si a esto se une que se adhirió y canceló el sello forense—que no hubiese sido necesario si Santaella hubiese gestionado para sí o para la corporación—fácil es concluir que la parte demandante estuvo representada por el letrado Pérez Rodríguez.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, y se decretará la absolución del apelante en todos los casos.*

---

[8] No hay duda de que, independientemente de cualquier denuncia que procediera contra la corporación, podía denunciarse a Santaella, Sec. 1 de la Ley Núm. 50 de 7 de mayo de 1937, 34 L.P.R.A. sec. 1661. Si las denuncias radicadas en estos casos aducían hechos constitutivos de delito a la luz de lo resuelto en *Pueblo* v. *Rojo*, 66 D.P.R. 919 (1947), *quaere.*