Negrón Soto, Juez Ponente
*1156 TEXTO COMPLETO DE LA SENTENCIA
Mediante recurso de apelación presentado el 21 de julio de 1995 la apelante, por derecho propio, solicita se deje sin efecto la sentencia dictada por el tribunal recurrido el 21 de junio anterior y notificada el 23 de junio siguiente, la cual desestimó la demanda de daños y perjuicios que había incoado en contra del apelado por razón de que ella no compareció a través de representación legal.
Examinado el recurso, ordenamos en resolución del 21 de agosto de 1995 al tribunal de primera instancia que elevara los autos del caso y al apelado que se expresara sobre los méritos del recurso, ilustrándonos sobre las razones que tuviera por las cuales no debía revocarse la sentencia recurrida e instruirse al tribunal recurrido a tomar las medidas conducentes a que la apelante fuera representada por un abogado. 
El apelado cumplió con lo ordenado mediante escrito del 29 de agosto de 1995, donde se opone al recurso de apelación y solicita su desestimación.
I
El 23 de enero de 1995 la demandante, aquí apelante, presentó demanda, por derecho propio, en daños y perjuicios contra los demandados, alegando que el Ledo. Graciany Miranda Marchand había actuado negligentemente al no presentar el memorando de costas y gastos en el proceso de divorcio en que la representó. Sostuvo que dejó de recuperar como costas y gastos una partida mayor a $15,000.00 y que sufrió otros serios y severos daños físicos y mentales calculados en $250,000.00.
El 3 de marzo de 1995 el demandado, aquí apelado, compareció por derecho propio solicitando prórroga para contestar la demanda hasta tanto depusiera a la demandante. Fundamentó tal solicitud en que el expediente y otros documentos del caso de divorcio estaban en poder de la demandante. El 8 de marzo de 1995 el tribunal de instancia concedió la prórroga solicitada y el término de cinco días a la demandante para que mostrara causa por la cual el tribunal no debía ordenar que compareciera a favor de un representante legal. El 27 de marzo siguiente la demandante presentó una moción en solicitud de remedio urgente y provisional y en oposición a solicitud de prórroga y de permiso para deponerla. Además, solicitó la reconsideración de la antes citada orden, alegando en el párrafo ocho (8) de dicha moción, que se encontraba realizando gestiones para conseguir representación legal. A dicha solicitud el tribunal dispuso que la consideraría tan pronto la demandante compareciera a través de representación legal.
El demandado envió aviso de toma de deposición a la demandante para que compareciera el 25 de abril de 1995, a la cual ella no compareció. Coetáneamente el demandado, ante una alegada conducta exhibida por la demandante en su contra, presentó una querella al amparo de la Ley Número 140 del 23 de julio de 1974, conocida como Ley Sobre Controversias y Estados Provisionales de Derecho, ante la Sub-sección de Distrito, Sala de San Juan. Celebrada una vista, dicho tribunal dictó una resolución fijando un estado provisionál de derecho, en la que decretó que la demandante no podía tener acercamiento alguno con el apelado ni su familia hasta tanto se resolviera la controversia en este caso.
*1157 El 19 de abril de 1995 la demandante presentó una moción informativa y en solicitud de anotación de rebeldía. El 1ro. de mayo siguiente el tribunal dictó resolución decretando nada que proveer hasta que se cumpliera con las resoluciones y órdenes del 8 y 28 de marzo de 1995, supra.
Luego de varios trámites procesales, el 19 de mayo de 1995 el tribunal recurrido dejó en suspenso la toma de la deposición a la demandante, concediéndole a ella un último plazo de veinte (20) días para cumplir con las antes mencionadas órdenes del 8 y 28 de marzo y del 1 de mayo de 1995, que la compelía a contratar representación legal. Le apercibió que el incumplimiento de la orden conllevaría sanciones, incluso la de desestimación de la demanda.
Ante el silencio de la demandante, el 21 de julio de 1995, el tribunal dictó la siguiente sentencia.

"Dado el reiterado incumplimiento de la parte demandante a las órdenes de este Tribunal, consistente en que la referida parte deberá comparecer a través de representación legal, se desestima la presente causa de acción. En consecuencia, se decreta el archivo y sobreseimiento de la misma."

Esta sentencia fue registrada y archivada en los autos del caso el 23 de junio de 1995.
II
No está en controversia que el licenciado Miranda Marchand fue el abogado de la demandante-apelante en el caso de divorcio y que no presentó el memorando de costas dispuesto en la Regla 44 de las de Procedimiento Civil. 34 L.P.R.A., Ap. III. Tampoco hay controversia en cuanto a que la demandante-apelante no cumplió con las órdenes del tribunal, que requerían le informara las gestiones que estaba haciendo para conseguir representación legal.
Atendiendo los primeros dos errores imputados por la apelante, supra, debemos determinar si ante las circunstancias de este caso procedía su desestimación como sanción por dicho incumplimiento.
Ciertamente no debe extrañar el hecho de que la apelante tuviera dificultad en conseguir representación legal, si tomamos en consideración que la demanda contempla una reclamación de unas costas en un caso de divorcio, que sin tener el beneficio de un detalle de los gastos, lucen exageradas y desproporcionadas. De igual forma exagerada y desproporcionada, ante la ausencia de circunstancias especiales, se perfila la reclamación de "severos daños físicos y sufrimientos mentales" calculados en más de $250,000.00 por el hecho de que su abogado no presentara el memorando de costas y gastos, luego de obtener a través de ésta, una sentencia en un pleito de divorcio. En torno a este aspecto el demandado-apelado señala lo siguiente:
"Cualquier abogado razonable que estudie el expediente y las alegaciones, debe concluir que esto es un pleito inmeritorio y frívolo de su parte. Más aún, cuando las exiguas costas del pleito (sellos y emplazamientos) fueron adelantadas por el suscribiente. La demandante no incurrió en costas algunas que puedan ser resarcibles y, menos aún, por la vía de una reclamación extracontractual." (Pág. 14 de su escrito de oposición ).
Según resuelto en Lizarribal v. Martínez Gelpí, 121 D.P.R. 770 (1988) un litigante tiene derecho a representarse por derecho propio, tanto en casos criminales como en civiles, derecho que no es absoluto e ilimitado. Corresponde a los tribunales aplicar a las circunstancias de cada caso los criterios establecidos en Lizarribal, Idem. A esos efectos se dispone en dicho caso que:
"Distintas consideraciones podrían inducir correctamente a un magistrado a negar a las partes o a un acusado en determinados casos la oportunidad de representarse por derecho propio en los procedimientos judiciales. A esos fines acogemos los criterios establecidos en la jurisprudencia estatal y federal antes examinada, con miras a orientar nuestra discreción en la consideración de este asunto. A la luz de esto exponemos que: (a) la representación, como regla general, no puede ser híbrida, esto es, no debe estar representado por abogado y ala misma vez representarse por derecho propio; (b) la decisión tiene que haber sido tomada voluntariamente, de manera inteligente y con pleno conocimiento de causa; (c) tiene que hacerse mediante solicitud expresa (inequívoca) al tribunal; (d) debe ser formulada oportunamente, pues mientras más adelantado el proceso, mayor la discreción del juez para denegarla; (e) se tomará, además, en consideración la demora o *1158 interrupción de los procedimientos y su efecto sobre la adecuada administración de la justicia; (f) deberá atender asimismo el tribunal al factor de la calidad de la representación que la parte habrá de ser capaz de procurarse, así como la complejidad de la controversia a adjudicarse; (g) la parte o el acusado tendrá el deber de cumplir esencialmente con las reglas procesales y el derecho sustantivo aplicable, aunque no se requerirá un conocimiento técnico de los mismos; (h) no está obligado el magistrado a ilustrar a quien opte por tal derecho acerca de esas leyes o reglas; (i) el magistrado tampoco viene obligado a nombrarle abogados asesores durante el proceso; (j) el magistrado no tiene el deber de inquirir respecto a las razones por las cuales ha elegido la representación por derecho propio, aunque en los casos que estime conveniente podría así hacerlo, y (k) finalmente, el magistrado tampoco tiene la obligación de informar al acusado o a las partes de su derecho a la auto-representación. Por último, y en armonía con la norma establecida en los casos de Pueblo v. Santaella, 91 D.P.R. 350 (1964), y B. Muñoz, Inc. v. Prod. Puertorriqueña, 109 D.P.R. 825 (1980), solamente las personas naturales pueden acudir a los tribunales en defensa de sus derechos bajo las circunstancias expuestas en esta opinión. Cada una de estas consideraciones deberán ser justamente balanceadas por el tribunal, atendiendo las circunstancias particulares del caso, los intereses de las partes y la eficiencia en la administración de la justicia."
Bajo tales criterios, ciertamente entendemos que la demandante tiene derecho a representarse por derecho propio y que en las circunstancias de este caso no procedía desestimar el pleito por razón de que la demandante incumpliera con las órdenes dadas hasta ese momento por el tribunal. La sanción de desestimar una demanda es una que se toma cuando ya no existe otra alternativa. Amaro González v. First Federal Savings Bank, 93 J.T.S. 46; Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494 (1982); Arce v. Club Gallístico de San Juan, 105 D.P.R. 305 (1976) y Acevedo v. Compañía Telefónica de Puerto Rico, 102, D.P.R. 787 (1974).
De otro lado, ha sido sostenido que no debe ser desestimada una demanda excepto cuando se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda probar en apoyo de su reclamación. Pressure Vessels of Puerto Rico v. Empire Gas of Puerto Rico, 94 J.T.S. 144; Unisys v. Ramallo, 91 J.T.S. 69 y Candal v. C. T. Radiology Office, Inc., 112 D.P.R. 2272 (1982). A tenor con esta jurisprudencia y aún cuando se entendiera que la demanda no contiene una reclamación válida, por lo improbable que pudiera resultar el que la no presentación de un memorando de costas y gastos generara daños y perjuicios de la magnitud alegada, entendemos que se le debe asegurar a la demandante que se pase juicio en sus méritos sobre los hechos pertinentes.
No procede la desestimación de la demanda por haber dejado la demandante de conseguir representación legal e incumplir con las órdenes del tribunal antes expresadas ni por aparentar ser la misma una frívola, supra, por lo que conforme a las Reglas de Procedimiento Civil, supra, por lo que debemos ordenar el trámite del pleito para que se efectúe en la forma más justa, rápida y económica. Regla 1, Idem. A esos efectos, entendemos que no procede la toma de una deposición ni mayor descubrimiento de prueba y sí sólo ordenársele a la demandante que someta un desglose de la reclamación que tipifica como costas dentro de un término final e improrrogable de quince (15) días a partir de la notificación de esta sentencia. El apelado deberá contestar la demanda y fijar su posición sobre los méritos del reclamo de la apelante, en el término de diez (10) días a partir de la notificación del desglose antes mencionado. Presentada dicha contestación, el tribunal de instancia deberá señalar una vista para que determine la procedencia de esa reclamación y de esa proceder, entonces entrar a considerar las otras reclamaciones conforme a derecho.
El tribunal recurrido deberá tener presente que efectivamente las costas lucen ser unas exiguas que, como señala el apelado, podrían circunscribirse a sellos y emplazamientos, los que aparentemente fueron adelantados por él sin que la demandante incurriera en gasto alguno. En el caso que la reclamación de las costas no progresara, las otras reclamaciones de daños deben ser improcedentes en derecho, por lo que allí mismo el caso terminaría. Si ello no fuera así, entonces correspondería al tribunal de instancia determinar el trámite judicial a seguirse conforme a lo aquí provisto y a las Reglas de Procedimiento Civil.
En cualquier etapa del procedimiento antes dispuesto, la demandante podrá representarse por propio derecho o por abogado, sin que el aspecto de su representación pueda ser causa para que se *1159 dilaten los procedimientos.
III
Aunque, en atención al resultado que hemos ilegado serIa innecesario discutir los tiltimos dos errores levantados por la apelante, procede referirnos brevemente a ellos.
En el tercer error alega la apelante que el tribunal de instancia erró al conceder una prórroga sin límite al demandado para contestar la demanda, autorizándolo a que la depusiera. Ciertamente el tribunal de instancia, al examinar el cuerpo de la demanda, tuvo que tener presente que se trataba de una causa de acción que no aparentaba tener méritos y que por consiguiente a los fines de evitarle gastos a las partes y aligerar el procedimiento podía ser beneficioso la toma de una deposición. En esas circunstancias, no cometió error alguno y menos aún puede entenderse que concedió una prórroga ilimitada para contestar la demanda. Sí es correcto que en el aviso de toma de deposición se cubre una serie de asuntos que nos dan la impresión, que no ayudan a reducir los gastos a las partes, a aligerar el procedimiento y menos a prevenir las molestias y situaciones desagradables que pudieran ocurrir entre dichas partes en tal evento.
En el cuarto error alega la apelante que el tribunal de instancia actuó discriminadamente a favor del Ledo. Graciany Miranda Marchand y en contra de ella, al resolver sus mociones relacionadas con la contratación de representación legal. Del expediente no surge base alguna para tal imputación. El tribunal recurrido dictó sentencia en atención al apercibimiento que le hizo a la demandante de que de no cumplir con sus órdenes podría desestimar el pleito. La demandante no cumplió con tales órdenes, por lo que se tomó el riesgo de que le fuera desestimada la demanda. Estas circunstancias son predecibles cuando una persona que no tiene conocimiento técnico legal se defiende por derecho propio. Es sabido que ni aun a las personas que tienen el conocimiento legal, o sea los abogados, se les aconseja representarse en un pleito en que son parte. Con ello se evita que las emociones rebasen la ponderación y las formas correctas de actuar, según requeridas por los cánones de ética profesional y exigidas por los tribunales.
IV
En atención con lo antes expresado se deja sin efecto la sentencia dictada por el tribunal de instancia el 21 de junio de 1995 y se devuelve el caso a dicho foro para que continúe su trámite a tenor con lo antes dispuesto, debiendo la demandante-apelante someter un desglose de la reclamación que tipifica como costas dentro de un término final e improrrogable de quince (15) días a partir de la notificación de esta sentencia, bajo apercibimiento de desestimarle el pleito con la imposición del pago de las costas.
Se devuelven los autos del caso al tribunal recurrido para que continúen los procedimientos consistentes con lo aquí resuelto.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Regístrese y notifíquese.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 296
1.Imputa la apelante los siguientes cuatro errores al tribunal de instancia:

"1. Incurrió en grave y manifiesto error el tribunal de instancia al determinar que la parte demandante debía de ser sancionada por no comparecer representada por abogado;

2. Incurrió en un error manifiesto y un grave error perjudicial el tribunal de instancia al desestimar la demanda como sanción contra la demandante;

3. Erró el tribunal de instancia al determinar que el demandado se le debería conceder una prórroga sin 
*1160
límite para contestar la demanda autorizando a que el demandado depusiera a la demandante antes de contestar la demanda;

4. Erró el tribunal de instancia al forzar a la demandante a contratar abogado y al negarse a entender en las mociones anteriores al juicio resolviendo, discriminadamente las mociones del Ledo. Miranda Marchand, todas a favor y las de la demandante en contra o no resueltas."

2. Así lo debió haber hecho en la demanda, ya que "[cjuando se reclaman daños especiales, se detallará el concepto de las distintas partidas" Regla 7.4 de las de Procedimiento Civil, supra.
3. Máxime cuando la demandante-apelante en este caso es demandante en un pleito en contra del demandado-apelado y otras partes en el tribunal de primera instancia, Sala Superior de Caguas, Número EAC92-0223, en donde reclama daños y perjuicios por angustias y sufrimientos mentales resultantes de un contrato de compraventa en que alega él participó, los que aparentan ser daños y perjuicios coetáneos con los mismos alegados en este caso. En ese caso ella está representada por abogado, la Leda. Heidy E. Zapata Ayala, desde el 25 de febrero de 1993, fecha en que presentó una demanda enmendada contra el Ledo. Graciany Miranda Marchand, quien está representado por el Ledo. Julio Eduardo Torres. Sostiene que ella tuvo daños por sufrimientos y angustias mentales estimados en $150,000.00, y daños para todos los demandantes por el enriquecimiento obtenido por el apelado y su testaferro al adquirir dicha propiedad mediante maquinaciones insidiosas que estiman en $350,000.00. En la súplica de dicha demanda, que está jurada por la demandante-apelante, se dividen dichos daños en $100,000.00 para la demandante y $50,000.00 para los otros demandantes que son sus dos hijos menores de edad, luego de solicitar la devolución de la propiedad. Además, solicita el pago de las costas, gastos y honorarios de abogados.