Per Curiam

TEXTO COMPLETO DE LA SENTENCIA
El 18 de enero de 1995, José Ramón Rovira instó una acción de desahucio sumario contra la señora Francisca del Valle. Alegó que ambas partes y el Gobierno Municipal Autónomo de Ponce habían suscrito un contrato de arrendamiento de un apartamento en Ponce. La contratación se hizo a través de la Secretaría de Vivienda y Desarrollo Comunal bajo el Programa de Renta Subsidiada (Sección 8) el cual le pagaba directamente al casero la totalidad de la renta mensual (trescientos cincuenta dólares). La inquilina nada pagaba.
El casero adujo como causal de desahucio que el contrato de arrendamiento había vencido el 15 de *1419 octubre de 1994 y que el Programa de Renta Subsidiada no había renovado dicho contrato por causas ajenas al arrendador.
Señaló que al quedar desprovista del subsidio de renta, la inquilina no podía pagar el canon de arrendamiento por la vivienda. Solicitó que se le ordenara a la demandada desalojar el apartamento. 
La inquilina contestó la demanda negando todo lo relativo a la terminación de sus beneficios bajo el Programa de Renta Subsidiada. Simultáneamente solicitó la desestimación de la acción alegando que el Gobierno Municipal Autónomo de Ponce no había sido hecho parte en la acción ni el arrendador había cumplido con los requisitos exigidos por la reglamentación federal antes de incoar la acción de desahucio. Su argumento era, en esencia, que el Gobierno Municipal Autónomo de Ponce, habiéndose comprometido a pagar la totalidad de la renta mensual a favor de la inquilina, era parte indispensable en la acción de desahucio y contra éste debía dirigirse también la acción. Indicó que ella continuaba siendo beneficiaría del Programa de Renta Subsidiada por cuanto el procedimiento administrativo relativo a la terminación de sus beneficios no había concluido aún.
En la vista en su fondo, la inquilina reiteró sus planteamientos de-parte indispensable y pidió que se variara la naturaleza sumaria de la acción para que se tramitara como una acción ordinaria. El arrendador se opuso. El Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Ponce (Hon. Rafael Guzmán Alicea, J.), rechazó sub silentio tales planteamientos, procedió a recibir la prueba de las partes y estimó la acción sumariamente. Después, firmó un proyecto de sentencia que no contenía determinaciones de hechos ni conclusiones de derecho relativas a los argumentos medulares que fueron opuestos como fundamentos de desestimación y le erdenó a la inquilina desalojar el apartamento al cabo de los plazos legales de rigor. La inquilina apeló.
En su recurso pro se la inquilina plantea que el tribunal a quo incidió en error al negarse a convertir la acción de desahucio en una acción ordinaria y al rechazar el planteamiento de que el Gobierno Municipal Autónomo de Ponce era parte indispensable en la acción. El arrendador nos pide que confirmemos la sentencia a base de que él no podía obligar al Gobierno Municipal Autónomo de Ponce a restituirle los beneficios de renta subsidiada a la inquilina y añadió que la inquilina no utilizó adecuadamente los remedios administrativos siendo esa la verdadera razón de haber perdido tal beneficio. Por los fundamentos que prosiguen, revocamos la sentencia.
Comenzaremos por el error relativo al defecto de parte indispensable, pues, de haberse cometido acarrearía por sí sólo, la revocación de la sentencia apelada. Hernández Agosto v. López Nieves, 114 D.P.R. 601, 603-611 (1983).
Antes que todo, es necesario recordar que desde antaño la acción , sumaria de desahucio está dirigida a recobrar la posesión del inmueble arrendado y no a recobrar los cánones de arrendamiento vencidos y no pagados. E.g., Finlay v. R. Fabián & Cia., 24 D.P.R. 152 (1916). Por lo tanto, la única cuestión a decidir en esta acción era si el casero demandante tenía derecho a recobrar de la inquilina la posesión física del apartamento en cuestión por el fundamento aducido en la demanda, a saber, que el contrato de arrendamiento había vencido el 15 de octubre de 1994 y que el Programa de Renta Subsidiada no había renovado dicho contrato por causas ajenas al arrendador.
Para eso, aun cuando era necesario que el arrendador estableciera fehacientemente que el Gobierno Municipal Autónomo de Ponce, contrario a lo pactado con el arrendador y la arrendataria, había dejado de satisfacer los cánones de arrendamiento en beneficio de la inquilina demandada, no era necesario incluir a la entidad municipal como parte en la acción. Si bien es cierto que el gobierno municipal tenía hasta cierto modo interés en el contrato de arrendamiento en cuestión, la realidad es que no era una "persona... sin cuya presencia no [podía] adjudicarse la controversia", Regla 16.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R.16.1, pues el municipio no detentaba la posesión inmediata del apartamento.
No se cometió el error señalado.
En cuanto al otro error señalado, i.e., que el tribunal a quo se negó a convertir la acción sumaria de desahucio en una acción civil ordinaria, la inquilina apelante tampoco tiene razón. El procedmiento
*1420 sumario de desahucio puede ser utilizado para obtener el desalojo de personas que ocupan propiedades arrendadas bajo el Programa de Renta Subsidiada o Sección 8. Turabo Ltd. Partnership v. Velardo,_D.P.R._(1992), 92 J.T.S. 44, a la pág. 9375. Ciertamente, la defensa afirmativa de que la decisión administrativa del Gobierno Municipal Autónomo de Ponce cancelándole el beneficio del subsidio de renta a la inquilina no era final y firme es un asunto sencillo, generalmente apreciable de los documentos que puedan presentar las partes en la acción y que no requiere la aquilatación de refinadas cuestiones evidenciarías que desnaturalicen el carácter sumario del procedimiento. Cf., Mora Dev. Corp. v. Sandin, 118 D.P.R. 733 (1987).
Pero, independientemente de si procedía tramitar este asunto como acción sumaria u ordinaria, la realidad es que la inquilina tuvo una oportunidad razonablemente defenderse de la acción. Tanto los exhihit de la parte demandnnte como los de la propia inquilina estuvieron dirigidos a establecer, de un lado, y a refutar, del otro, el hecho de si la inquilina continuaba siendo beneficiaría del Programa de Renta Subsidiada o no. La inquilina pudo aportar los documentos tendentes a establecer que no era correcta la alegación de que a ella se le hubiese cancelado tal beneficio. No se cometió el error señalado.
No obstante lo anterior, y a pesar de que la inquilina apelante no hace ningún otro señalamiento de error —algo que, de ordinario, acarrearía sin más la confirmación de la sentencia apelada — , es de justicia revocar la sentencia por un fundamento distinto al invocado,, porque el casero no alegó ni probó una causal válida de desahucio. 
La demanda de desahucio no indica claramente que el Gobierno Municipal Autónomo de Ponce le hubiese dejado de pagar al casero demandante los cánones mensuales de arrendamiento. El lenguaje un tanto ambiguo de la demanda tiende a señalar más bien que el municipio le revocó el beneficio de renta subsidiada a la demandada y, por ende no le renovó el contrato de arrendamiento y que, por tal razón, la inquilina no podrá afrontar en el futuro el pago de tales cánones. Es decir, la demanda anticipa la causal de falta de pago a la expiración del contrato de arrendamiento pero no nos parece clara la afirmación de que la demandada esté detentando la propiedad objeto del contrato sin pagar renta alguna.
De todos modos, aunque fuesen claras las afirmaciones de la demanda en el Sentido de que ya el Gobierno Municipal Autónomo de Ponce no le está pagando al arrendador los cánones pactados y que la apelante está detentando el inmueble sin el pago de merced alguna, debemos tomar como verdadera causal aducida la de inexistencia de contrato de arrendamiento por resolución del suscrito previamente por las partes. Más luego de evaluar la prueba presentada en el juicio, estamos plenamente convencidos de que, aún así, la misma era insuficiente para estimar probada la causal de expiración del contrato de arrendamiento. Esa prueba justificaba la desestimación de la demanda de desahucio, Nos explicamos.
Hemos dicho que el contrato de arrendamiento en cuestión fue otorgado entre el dueño del apartamento, la inquilina demandada y el Gobierno Municipal Autónomo de Ponce a través de la Secretaría de Vivienda y Desarrollo Comunal bajo el Programa de Renta Subsidiada (Sección 8). Ya el Tribunal Supremo de Puerto Rico ha expresado que en el esquema de la legislación federal de renta subsidiada provisto por la See. 8 de la Housing and Community Development Act, 42 U.S.C. sec. 1437, los arrendadores deben cumplir ciertos requisitos procesales y sustantivos antes de instar cualquier acción judicial de desalojo. Turabo Ltd. Partnership v. Velardo, supra, a la pág. 9375.
Según resuelto por el Tribunal Supremo, al poner en efecto los contratos de arrendamiento subsidiados por la See. 8, los arrendadores, al igual que sus agentes y representantes, han de seguir las pautas dictadas por la HUD en su Manual; 4350.3, Occupancy Requirements of Subsidized Multifamily Housing:

Respecto a la resolución de contratos y desalojo la See. 5 de este Manual dispone que sólo podrá lanzarse a los arrendatarios por "(l) incumplimiento del contrato de arrendamiento; (2) omisión de llevar a cabo obligaciones impuestas por cualquier ley estatal sobre arrendamiento; [o por] (3) 'otra justa causa' ". (Traducción nuestra.) Un "incumplimiento material" en el contrato de arrendamiento surgirá cuando concurra:

*1421
"(1) una o más violaciones sustanciales al arrendamiento incluyendo la falta de pago de la renta

Procesalmente se requiere que el arrendador observe unas normas que garanticen a los arrendatarios un mínimo de protección. Se establece así un balance entre los intereses del arrendador privado y el arrendatario, concediendo a este último una vista evidenciaría en los tribunales. A tal efecto, deberá ser notificado por escrito de la resolución y desalojo propuesto, informándole específicamente: (1) la fecha en que el contrato habrá de terminar; (2) las razones en que se funda su decisión "con suficiente detalle para que el arrendatario prepare una defensa"; (3) instruirle que tiene a su disposición el término de diez (10) días para discutir la rescisión propuesta; y (4) de su derecho a defenderse en los tribunales. Manual 4350.3, See. 5. Después de cumplir este trámite, podrá instarse la acción judicial de desahucio fundada exclusivamente en las razones notificadas. Todas estas condiciones están expresamente incorporadas [en] la See. 23, Resolución del Arrendamiento, modelo provisto por la HUD sobre contrato de arrendamiento. Manual 4350.3, Apéndice 20."

Id., a la pág. 9380. No hay en los autos del caso evidencia de índole alguna que demuestre que el arrendador cumplió con el requisito del previo aviso a la inquilina sobre la intención de resolver el contrato así como del motivo y fecha de la terminación. El derecho del inquilino a recibir este aviso antes de instituirse cualquier procedimiento judicial de desahucio es irrenunciable. (Véase el contrato, Exhibit I del demandante, al dorso).
Pero aparte de que el demandante no estableció el requisito sine qua non del aviso previo, la inquilina presentó como prueba (Exhibit II de la demandada) una carta de 15 de noviembre de 1994 suscrita por el alcalde Hon. Rafael Cordero Santiago, en la que le informaba a ella que había decidido acoger la recomendación del oficial examinador de "cancelar su participación en el Programa de Renta Subsidiada del Municipio Autónomo de Ponce" y que "[lja Oficina del Programa de Vivienda le indicaría] la fecha de efectividad" de su determinación. Esa carta, de su faz, es insuficiente en derecho para surtir el efecto que el arrendador pretende atribuirle pues la misma es radicalmente defectuosa como decisión admnistrativa final. Veamos.
La Sec. 3.14 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 agosto de 1988, según enmendada, 3 L.P.R.A. see. 2164, dispone que la decisión administrativa "deberá incluir y exponer separadamente determinaciones de hecho[s] si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso " y "advertirá el derecho de solicitar la reconsideración o revisión de la misma, con expresión de los términos correspondientes." Id. La propia ley señala que "[u]na parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma". Id. 
La carta del alcalde (aparte de que no contiene determinaciones de hechos ni conclusiones de derecho) no advierte a la inquilina beneficiaría del derecho a solicitar la reconsideración o revisión de la decisión administrativa, algo que es indispensable para que ésta pueda algún día devenir firme. Rivera v. Depto. Servicios Sociales,_D.P.R._, n. 5 (1992), 92 J.T.S. 169, n. 5, a la pág. 10197; Véase, además, García Troncoso v. A.D.T., 108 D.P.R. 53, 57 (1978) ("[E]l término para apelar no comienza a transcurrir indefectiblemente a partir de una notificación defectuosa"). En otras palabras, si algo era evidente de la prueba presentada por la apelante es que, al 15 de noviembre de 1994, la decisión administrativa de cancelarle el beneficio de renta subsidiada no era final y firme. 
Dado que el arrendador invocaba como causal de desahucio en su demanda la terminación de tal beneficio, a éste le correspondía presentar la prueba que estableciera preponderantemente que después de esa fecha el municipio lo había cancelado válidamente. No presentó tal prueba. La demandante, en cambio, presentó prueba para refutar la alegación de que el contrato de arrendamiento entre las partes había vencido el 15 de octubre de 1994 y que el Programa de Renta Subsidiada no había renovado dicho contrato. En tales circunstancias no procedía decretar el desalojo de la apelante del inmueble en cuestión. Ella continuaba siendo participante del programa y el Gobierno Municipal Autónomo de Ponce no podía suspenderle al casero el pago de los cánones mensuales de arrendamiento. 
*1422 Con estos antecedentes, la sentencia es revocada.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 29
1. El texto completo de la demanda es el siguiente:

"1. Que [el] demandante es mayor de edad, casado, propietario y vecino de Ponce, Puerto Rico.

2. Que el demandante suscribió un contrato de arrendamiento con la demandada a través del Departamento de Vivienda y Desarrollo Comunal, Programa Renta Subsidiada (Plan 8) del Gobierno Municipal Autónomo de Ponce, P.R. ( 683-V).

3. Que por motivo de dicho contrato el Programa de Renta Subsidiada le pagaba al demandante la suma de $350.00 mensuales por concepto de arrendamiento de Apartamento localizado en la segunda planta del edificio ubicado en la Calle Vila 204-A en Ponce, P.R.

4. Que dicho contrato venció el 15 de octubre de 1994 y el Departamento de Vivienda y Desarrollo Comunal (Plan 8), no renovó dicho contrato por causas ajenas al Demandante.

5. Que por tal motivo la demandada quedó desprovista del beneficio de renta subsidiada.

6. Que una vez vencido dicho contrato y no renovado por parte del Departamento de Vivienda y Desarrollo Comunal (Plan 8) la inquilina y demandada en este caso ha continuado viviendo la propiedad a pesar de los requerimientos del demandante para que desaloje.

7. Que la demandada no puede pagar los cánones de arrendamiento, razón, por la cual, el demandante necesita que ésta le desaloje dicha propiedad.

8. Que una vez vencido dicho contrato y concedidos los meses de prórroga, la renta queda al descubierto y no puede ser satisfecha por la demandada.

■ 9. Se denomina a John Doe, como esposo, por desconocer su nombre."

2. Nada hay que nos impida reconocer en apelación, aun de oficio, que en realidad existe otro fundamento de derecho válido y adecuado para sostener la contención básica de una parte en un pleito. Santiago v. Fernández Andino, 91 D.P.R. 709, 712 (1965). Véase, también, Dávila v. Valldeiully, 84 D.P.R. 101, 104 (1961) ("Es obligación de todo tribunal velar por que se le haga justicia a aquel que de acuerdo con el más sano criterio del juzgador tiene derecho a ella").
3. El texto completo de la Sec. 3.14 es el siguiente:

"JJna orden o resolución final deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la radicación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada.

La orden deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o 
*1423
revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.

La orden o resolución advertirá el derecho de solicitar la reconsideración o revisión de la misma, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.

La agencia deberá notificar a las partes la orden o resolución a la brevedad posible, por correo y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma."

4. No podemos pasar por alto otra posible irregularidad cometida por el Gobierno Municipal Autónomo de Ponce. En el informe rendido por la oficial examinadora se hace constar que en la vista del 28 de septiembre de 1995 la inquilina estuvo presente y "representada" por el señor Hipólito Mercado González (pág. 1 del Informe). Según una petición de mandamus unida al escrito de apelación, el señor Mercado González es primo de la apelante pero no es abogado admitido a ejercer esta profesión en Puerto Rico. (Véase pág. 2, primera línea, del documento titulado mandamus.) Si lo anterior fuera cierto, entonces la oficial examinadora que presidió la vista -quien si es abogada- debió saber que en Puerto Rico una persona que no hubiere sido admitida a ejercer la profesión de abogado, no puede representar a nadie ante los tribunales u organismos administrativos del Estado o de sus municipios. Warner Lambert v. F.S.E., 111 D.P.R. 842, 846 (1982). Hacerlo constituye delito, See. 7 de la Ley Núm. 17 de 10 de junio de 1937, según enmendada, 4 L.P.R.A. see. 740, y Pueblo v. Santáella, 91 D.P.R. 350 (1964), y lo actuado por el organismo administrativo podría ser anulado posteriormente por ese fundamento. Quaere si un juez u oficial examinador que a sabiendas permita a una persona no autorizada a ejercer la abogacía en Puerto Rico postular ante el tribunal o ante el organismo administrativo, comete el referido delito de práctica ilícita de la abogacía, a tenor con el Art. 35 del Código Penal, 33 L.P.R.A. see. 3172.
5. Esto implica que el demandante-apelado no está huérfano de remedio si es que el gobierno municipal le suspendió el pago de los cánones. Es evidente que a tenor con el contrato suscrito por las partes el municipio está obligado a pagar los cánones de arrendamiento al apelado hasta tanto le revoque válidamente los beneficios a la apelante.